Hon. JAMES BARRETT,
Hon. WILLIAM C. WILSON, } Assistant Judges.
Hon. BENJAMIN H. STEELE,

---

## LOVINA R. ELLSWORTH *v.* JOHN F. POTTER AND OTHERS.

### *Damages.   Evidence.   Witness.*

In actions of trespass, where the evidence discloses that a personal indignity has been done the plaintiff, exemplary damages may, in the discretion of the jury, be awarded the party injured, and the extent of the insult, the fact that the trespass was committed in the night, the unprotected situation of the plaintiff's family, and the degree of malice on the part of the defendants, are legitimate subjects of consideration on the question of damages.

The party is at liberty to contradict a witness who states he has had no difficulty with him. The party is also at liberty, under the direction of the court, to state enough to indicate the extent or degree of the difficulty and consequent ill feeling, and how much is enough is a question on which a considerable margin is left to the discretion of the *nisi prius* court.

The fact that the witness has had an open quarrel with the party against whom he testifies may be proved to affect the credit of the witness without first enquiring of the witness on the subject. It is a substantive fact and may be proved and weighed precisely like the fact of his relationship to the adverse party or his interest in the event of the suit.

Where a party during his cross-examination took occasion to cast an imputation of theft upon the adverse party, and this was not in legitimate answer to the enquiry of cross-examining counsel, held that it was not error for the court to allow the adverse party to give his version of the story of the alleged theft; that while the court was not bound, as a matter of law, to turn aside from the trial of the real issue to hear a personal explanation, it was entirely a matter within his discretion to do so and to determine how much he would hear to repel the prejudice which the improper testimony was likely to create; and held that the exercise of this discretion is not subject to revision on exceptions.

THIS was an action of trespass, *quare clausum fregit.* Plea, the general issue. Trial by jury, at the December term, 1867, PROUT, J., presiding.

The plaintiff introduced evidence tending to show that about the hour of 12 o'clock, on the night of the 23d of November, 1865, the defendants in company entered into and upon the dooryard of the plaintiff, throwing down the gate, and when within a rod of the plaintiff's house, threw stones and eggs through the windows,—breaking six panes of glass,—into the lower room of said house, badly soiling and besmearing the walls and floor of said room, and a quantity of clothing of the plaintiff that had been washed and which was in said room. It appeared that the plaintiff's family consisted of herself, a son aged eighteen or nineteen years, and four daughters. The plaintiff gave evidence tending to prove that she had been informed, in the early part of the evening of that day, that the defendants intended to egg her house that night, and that in consequence of receiving the information she and her said children went into an upper room of said house for the purpose of watching for the defendants, and that from said upper room, and from a raised window where they were, they recognized and saw all the defendants commit the acts of trespass alleged in the declaration, they, the defendants, all entering and participating therein. The plaintiff's evidence tended to prove that it was not a very dark night, and that they, the plaintiff's witnesses, recognized all the defendants, and were able to do so by the aid of the light of a large burning barn then on fire some three and a half miles distant from the plaintiff's house.

On trial the defendants introduced Dwight H. Rudd as a witness in their behalf, who testified to material facts tending to prove that some of the defendants were not at the plaintiff's house on the occasion referred to.   On cross-examination he was inquired of by the plaintiff's counsel if he had had any difficulty with the plaintiff, and testified that he had not.   The plaintiff in in her rebutting testimony offered to show the state of feeling or feelings of hostility existing toward her on the part of the witness —that there had been a quarrel between them, and that she turned the witness out of her house,—which was objected to by the defendants, but admitted by the court, for that purpose only; to which decision the defendants excepted.   The plaintiff, for the same purpose, and under the same circumstances, offered to prove that there had been a difficulty and quarrel between her and her daughter Angeline with said Dwight Rudd and Merritt Rudd, one of the defendants, who had also testified to material facts and contradictory of the plaintiff's evidence, to which the defendants also objected, but which was admitted for the purpose aforesaid, and only for the purpose of showing the state of feeling existing toward the plaintiff on the part of said witnesses ; to which the defendants also excepted.

On the trial, Buel Rudd, one of the defendants, was introduced as a witness of the defendants, and in reply to an inquiry, said he had had no difficulty with the plaintiff except in regard to a hay knife which the plaintiff stole from him.   The plaintiff, as explanatory of that transaction, in her rebutting testimony, offered to prove, as showing this witness' feeling toward her, that the witness himself secreted the hay knife referred to on her premises, after the commencement of this suit, and procured a search warrant to search for it, and that on such search it was found where the witness put or secreted it.   To this evidence the defendants objected, but it was admitted for the purpose aforesaid; to which the defendants also excepted.

The defendants, on oath, denied the committing of the trespasses alleged in the plaintiff's declaration, and offered evidence, which was received by the court, tending to prove that they were at their several homes at the time it is alleged in said declaration

that said acts of trespass were committed. And they also offered evidence to prove that, prior to the committing of the acts of trespass alleged in the plaintiff's declaration, her house had been egged and stoned, which evidence, on objection of the plaintiff, was excluded by the court; to which the defendants also excepted.

The defendants requested the court to instruct the jury that in case they found the defendants, or either of them, guilty, they would not be justified in returning a verdict for exemplary or punitive damages, but only for what damages the plaintiff had sustained pecuniarily by the acts of the defendants, and only for an amount sufficient to compensate her therefor ; but the court thought otherwise, and instructed the jury that, in estimating the damages, they were not limited to the pecuniary injury sustained by the plaintiff, but might take into consideration the character of the trespass, its indignity as well as the injury to the plaintiff's premises and her clothing, the situation of the plaintiff's family, the time when the trespass was committed, and all the circumstances connected with it, and return a verdict for such a sum as they thought the plaintiff entitled to and ought to receive upon the facts and circumstances connected with the transaction and which were in evidence; to which the defendants also excepted. In all other respects the charge was such as the case required. The jury, under the instructions, returned a verdict for the plaintiff, for the sum of three hundred dollars.

*T. Sibley* and *A. W. Huling*, for the defendants.

*John H. Flagg*, *A. P. Lyman*, *A. B. Gardner* and *C. N. Davenport*, for the plaintiff.

The opinion of the court was delivered by

STEELE, J. I. The doctrine that in this class of cases exemplary damages may, in the discretion of the jury, be awarded the party injured, has in this state been so long and so uniformly recognized, that, in our judgment, it should be regarded as settled beyond debate. The matters brought to the attention of the jury, namely, the circumstances of the trespass, the indignity to the plaintiff, the fact that the trespass was committed in the night time, the sit-

nation of the plaintiff's family, were, all of them, as well as the degree of fault or of malice on the part of the defendants, legitimate subjects of consideration upon the question of damages. There was nothing in the charge of the court upon this subject of which the defendants are entitled to complain. *Devine* v. *Rand*, 38 Vt., 621.

II. Dwight Rudd, a witness for the defendants, testified that he had had no difficulty with the plaintiff. The plaintiff was at liberty not only to contradict this in general terms, but also under the direction of the court to state enough to indicate the extent or degree of the difficulty and consequent ill feeling. For this purpose she was allowed, against objection, to state that it had proceeded to such a point that she turned the witness out of her house. This testimony was not intended or calculated to show which party was in fault, but only the degree of estrangement between them. It is impracticable by any general rule to fix a precise limit which should govern the admission of such evidence, and necessarily it must be left to a considerable extent to the discretion of the *nisi prius* court. *Hutchinson* v. *Wheeler*, 35 Vt., 330. We think that in this instance the court acted quite within the legitimate margin which must be left to their discretion, but even if the ruling was revisable, we should affirm it.

III. The plaintiff was also suffered to testify that there had been a quarrel between her and the witness, Merritt Rudd. The objection which is made to this testimony is put upon the ground that the plaintiff should first have laid a foundation for it by inquiring of Merritt Rudd whether such a difficulty had occurred.

It is true that a witness who is examined in open court may not be impeached by proving his declarations out of court unless he is first particularly inquired of upon the subject. There is some reason for applying the same rule to mere proof of ill feeling, which has only been evinced by unkind or threatening remarks about the party, but when there has been an open quarrel or a suit at law between the party and the adverse witness, it becomes a substantive fact, and may be proved like relationship, or interest in the event of the suit, without previous inquiry of the witness in regard to it. *Pierce* v. *Gilson*, 9 Vt., 216. The

44

proof of such a difficulty, lawsuit, interest or relationship is not in the ordinary sense impeaching testimony, although it may be considered in determining the credit to be given the witness. The inquiry is not collateral but pertinent to the issue. *Atwood* v. *Welton*, 7 Conn., 66 ; 1 Stark, 135 ; *Hutchinson* v. *Wheeler*, 35 Vt., 330.

IV. The defendant, Buel Rudd, a witness on his own behalf and in behalf of the other defendants, was asked whether he had had any difficulty with the plaintiff. To this he replied that he had not except in regard to a hay knife which the plaintiff stole of him. The plaintiff was then permitted, against objection, to give her version of the matter of the hay knife, and testified that the defendant concealed it upon her premises and then procured a search warrant and found it where he had himself left it. It is conceded that the testimony objected to was not pertinent to any issue on trial, and the question is whether its admission was error. The reply of the defendant that " he had had no difficulty with the plaintiff, except in regard to a hay knife," was, so far, an appropriate answer to the question, but when he volunteered to cast an imputation or stigma upon the plaintiff, by adding " which she stole of me," he was testifying upon his own motion, and not in reply to the questions of cross-examining counsel. Had they chosen to call out his testimony upon the collateral question whether the plaintiff stole the hay knife, they would ordinarily have been bound by the answer and not permitted to contradict it. But they did not call it out. The defendant volunteered it, and although he did so *during* his cross-examination, it is no more a part of the cross-examination than if he had stated it in his examination in chief, on inquiry by his own counsel. Having thus illegitimately and of his own motion thrust into the case a charge of theft upon the plaintiff, and supported it by his own oath, it does not lie in his mouth to claim that it is a collateral fact, and that the plaintiff is bound by his testimony not in answer to her questions, and that she must go through the trial under the imputation he has chosen to cast upon her. It is not for him to insist that her request to be allowed to state her version of the transaction shall be denied by the court. The court is not bound to turn

aside from the trial of the real issue to hear any personal explanation from the plaintiff on this collateral matter; but if in their discretion they do so, the defendant can not complain. It was entirely for the court to say how much, if anything, in their discretion was necessary to be heard to repel the prejudice calculated to be produced by the improper testimony which was interjected by the party during his own examination. It has been held in this state that while a court is not required to receive, and ordinarily will not admit, evidence to contradict a witness upon a collateral issue, they may under peculiar circumstances do so in their discretion. *Powers* v. *Leach*, 26 Vt., 270. See also 1 Cowen & Hill's notes, 729, and SAVAGE J., in *Lawrence* v. *Barker*, 5 Wend., 305.

Judgment affirmed.