D. P. WALWORTH, ADMR. OF B. W. BARTHOLOMEW, v. LYMAN P. BARRON AND OTHERS.

[IN CHANCERY.]

*Mortgage. Offset. Evidence. Cross-Bill.*

The plaintiff's intestate held the legal title, and the defendant C. the equitable interest, in certain premises. There was a large unsettled account between them They and defendant B. entered into a contract by which he was to take the place of the intestate, (that is, in relation to C.) He received a deed, and gave a mortgage back. It was agreed at the time that there should be an after-settlement, and whatever was found due C. should be applied on B's notes. C. obtained a judgment of several hundred dollars against the intestate's estate. On a petition being brought to foreclose, the defendants B. and C. answered and filed a cross-bill, claiming that the judgment should be an offset to the notes; and, also, certain notes, which B. had taken of C's son, for a portion of the premises, insisting that such was a part of the contract. The defendants claimed before the master that the *judgment should not go to extinguish B's notes* unless the *notes given by C's son were also applied on them.* The master failed to find the contract as claimed by defendants in this respect. *Held,*

1. That the *judgment* should be applied on the mortgage notes ; that the pleadings and the facts found require it ; and that the power of the court is ample to make the application.
2. Evidence was inadmissible to prove, that, a short time before the deed was given to B., the intestate, C. and his son, made a contract similar to the one which it was claimed the intestate and B. made.

BILL to foreclose a mortgage. Heard on bill, answer, traverse and testimony, and cross-bill, answer, traverse and report of a master, March Term, 1879. REDFIELD, Chancellor, ordered that the orator, Walworth, have a decree as of a foreclosure ; that the

judgment in favor of Hazen Campbell be offset and deducted from the sum found due the orators on the report, according to the prayer of the cross-bill, leaving now due the sum of $2931.33. L. P. Barron and Hazen Campbell, orators in the cross-bill, appealed. The bill alleged that said Bartholomew deeded the premises to Lyman P. Barron, January 30, 1873 ; that said Barron mortgaged them back to secure notes amounting to $7,050.32, payable at different times ; that said Barron deeded a portion of said premises to Charles E. Campbell ; that said Charles E. quitclaimed the same to Hazen Campbell.

The defendants Hazen Campbell and Barron duly answered the same ; and the same matter set forth in the answer in substance was set forth in the cross-bill, the substance of which was as follows : They admit the giving of the notes and mortgage ; that the said Hazen Campbell had always been the equitable owner of the land named in said mortgage, but the said Bartholomew had held the legal title for the benefit of the said Hazen Campbell, and as security for his advances ; that about the 30th of January, 1873, and just previous to the death of said Bartholomew, he wished to have a settlement of his affairs and fix it so that the said Hazen Campbell should, on the fulfilment of the conditions, acquire title to said property ; that for that purpose the said Barron, at the special request of said Bartholomew, went to Barre where the said Bartholomew was confined by sickness, when it was arranged that said Barron should take the place of said Bartholomew, and give his notes and mortgage to the said Bartholomew for the money so advanced to said Campbell, which was done by giving the notes and mortgage set forth in the orator's bill of complaint, and the said Bartholomew conveying to said Barron all his rights in the real and personal property in the possession of said Campbell ; that said settlement was made between the parties by N. W. Braley, as agent for said Bartholomew ; that there was a very large unsettled deal between the parties ; that it was doubtful about the balance due ; and it was then agreed that there should be an after-settlement and lookingover and correcting the same. The cross-bill averred :

" And your orator further shows that previous to said conveyance to said Barron negotiations had been going on between said Hazen and said Bartholomew and one Charles E. Campbell for the sale of one of the farms mentioned in said deed to said Barron to said Charles E. Campbell, and of property upon it belonging to said Bartholomew, or on which he held liens for security of certain claims included in said accounts which made up the notes, &c., of said Barron then claimed by

said Bartholomew to be due to him from said Hazen, but said sale had not at that time been perfected, but the price of said upper farm, so called, and said property thereon, had been fixed by Bartholomew, and it had also been proposed and agreed how the payments should be arranged in amounts in instalments and times of payment and the security to be given thereof, and to induce your orator Barron to take the conveyance of said lands as aforesaid, and give his notes to said Bartholomew in manner and for the purpose aforesaid, the said Bartholomew agreed with said Barron and said Hazen, at the time of said Barron's so consenting, that if said trade with said Charles E. should be consummated, the notes to be given by said Charles E. and the securities for the payment of the same would be received by him, if alive, and should be received by his representatives in case of his previous death in so much discharge of the amount of the notes of said Barron when the true sum due from said Hazen to said Bartholomew should be ascertained, and the said Barron's notes made to correspond to said true sum.  And the said Braley then informed said Campbell and said Barron that in case of the death of said Bartholomew that he, the said Braley, would probably be administrator of said Bartholomew's estate, and in that case he would see to it that said agreement and understanding, as to the sale aforesaid to Charles E., in case said Barron should consummate the agreement of sale, as above stated, should be fully observed and carried out as to application on said Barron's notes as aforesaid.

And your orator further says that it was then represented to your orator Barron and to the said Bartholomew by said Hazen, and said Braley understood that said Charles E. would very soon perfect the said purchase on the terms and agreeably to all provisions of said trade for said upper farm with said Bartholomew, as aforesaid, and give the notes and securities in that trade provided; and your orator, said Barron, says that relying on the agreement, representations and assurances of the said Bartholomew, Braley and said Hazen aforesaid, he was induced to, on the consideration aforesaid and not otherwise, consent to take said conveyance as aforesaid and execute his said notes as aforesaid.

That after the death of said Bartholomew, which occurred a few days after the date of said deed to said Barron, and after said Braley had been appointed administrator, with said Walworth, of the estate of said B. W. Bartholomew, the said Barron effected a sale to said Charles E. of said upper farm and property thereon in all respects according to the terms and conditions which had been before negotiated and proposod by said Bartholomew with said Charles E. and said Hazen—said Charles E. being a son of said Hazen—as to price, times of payment, instalments and securities, and your orator Barron understood and was informed by said Bartholomew and said Campbell, and he believes and charges was fully understood by said Braley, and thereupon duly conveyed said lands and property to said Charles, and took his notes and a mortgage on said land to secure the same, and other security according to the proposal of said Bartholomew, including a lien on the crops to be raised on said premises.

That he immediately thereafter offered the same to said Braley, one of the administrators of said Bartholomew, in discharge of so much of the notes described in said mortgage according to said contract, who then and there refused to accept the same in place of the notes of said Barron, and still refuses to apply the same."

The prayer of the cross-bill was that the judgment in favor of

Hazen Campbell and the Charles E. Campbell notes should be applied on the mortgage notes given by said Barron.

The answer to the cross-bill denied that there was any agreement to receive the Charles E. Campbell notes in payment for the Barron notes. The master found, in part :

" I find that the said L. P. Barron after looking over the whole matter and the minutes and writings held by said Bartholmew, and after considerable talk and negotiation, finally decided to take a deed of said farms and a transfer of all claims which the said Bartholomew then had against said Hazen Campbell, whether secured by lien or otherwise, and give his notes for the same secured by mortgage on said farms. I find that it was then agreed and understood that said L. P. Barron should stand in the same relation to said Hazen Campbell that the said B. W. Bartholomew had previous to that time. I find that the amount that said Barron should give his notes for to said Bartholomew was to be ascertained by finding the amount due to said Bartholomew from the said Hazen Campbell according to their agreement about the farm ; and all other matters of deal then existing between the said Bartholomew and the said Hazen Campbell growing out of said farm trade or otherwise, were to be settléd and a final balance struck, and such balance should be the amount for which the said Barron should give his notes secured by mortgage on said farms to said Bartholomew. Much of the time spent by the parties during said negotiations was consumed in attempting to find the true balance, which at the time the deed from said Bartholomew to said Barron was ascertained to be $7,057.32, for which sum the said L.-P. Barron executed twelve promissory notes secured by mortgage on said farms, as set forth in the orator's bill.

I do not find the claims made by the defendants in their answer and by the orators in the cross-bill sustained by a balance of proof so far as they claim that the said Barron took the title to said farms to enable the said Bartholomew to carry out his agreement with the said Hazen Campbell, or that the said Bartholomew agreed that the Charles E. Campbell notes should be applied in payment and satisfaction of the notes given him by L. P. Barron ; but I do find that said Bartholomew understood, and had a right to understand, that his dealings with Hazen Campbell were at an end, and that he was to look for his pay solely thereafter to the said Barron and the security then taken; and that the said Barron then understood that he had become responsible to the said Bartholomew for the amount for which he had given his notes ; and that the consideration of the same was that said Bartholo-

mew had conveyed to him the farms and other property hereinbefore mentioned, which he was to hold, as between himself and the said Hazen Campbell, upon the same terms and conditions as the said Bartholomew had done before him. I do not find that it was understood at the time Barron executed his notes to said Bartholomew that said Barron had assumed no personal liability to him as set forth in said cross-bill." . . . .

" I find that the said Hazen Campbell claimed there were many errors in the account of the said B. W. Bartholomew against him, and that he had taken large sums for extra interest, and money and property he had not accounted for, and that these claims and errors were not correctly adjusted between himself and the said B. W. Bartholomew at the time the property was deeded by said Bartholomew to said Barron, and that the notes of the said Barron were given for a much larger sum than the true balance due from him to the said Bartholomew ; and accordingly he presented before the commissioners on the estate of the said Bartholomew his claims on account of such errors and extra interest ; and such proceedings were had in said cause that at the June Term of Orange County Court, A. D. 1877, the said Hazen Campbell recovered judgment against the estate of the said B. W. Bartholomew for the sum of six hundred and thirty-nine dollars and seventy-seven cents damages and his costs taxed and allowed at the sum of $35.62, on account of such errors and claims."

" The orators' counsel claimed that the judgment recovered by the said Hazen Campbell aforesaid, against the estate of the said B. W. Bartholomew should be applied in part payment of the sum found due in equity on this mortgage. The defendants' counsel claimed it should not be so applied unless the cross-bill should be sustained, in which case it should be so applied. In case it should be applied, then the amount of such judgment deducted from the sum due April 1, 1879, ($3621.43,) will leave as a balance due the first day of April, A. D. 1879, $2931.33. I think this is a question for the court rather than for the master, upon the facts and pleadings in this case, to say whether or not such judgment should be so applied."

The orators in the cross-bill offered Charles E. Campbell, as a witness, to prove that he, his father, Hazen Campbell, and Bartholomew, a short time before the deed was given to Barron, made a contract as to the land deeded Charles E. by Barron, and that Bartholomew, by that agreement, was to take the notes of Charles

E. and give Hazen Campbell credit for their amount. The witness was excluded by the master.

*Clark & Austin* and *J. A. Wing*, for the defendants.

Can the court compel the defendants against their will to offset the judgment in favor of H. Campbell against the estate of Bartholomew in offset to the notes of said L. P. Barron to the said Bartholomew? We insist that the case shows no such contract between the parties. The bill does not make any such claim on the said Campbell. The bill is founded on a claim that the said Bartholomew bought the property absolutely in his own right, and gave his mortgage and notes for the same, and that the contract had no relation to any other person.

The theory of the defendants, the orators in the cross-bill, was that the property was deeded to said Barron at a price far above its real value, and for the purpose of conveying the same to the said Hazen Campbell, according to the contract between the said Bartholomew and said Hazen Campbell.

On what legal or equitable ground do the orators in the original bill claim the offset? They have made no such claim in their bill of complaint. They must recover if at all in the case made by their bill. Under their bill they cannot apply the judgment as a set-off or payment on the notes. They did not amend their bill, or the prayer of their bill. But it may be said that the orators in the cross-bill offered to offset this in their cross-bill. That is true if the court would order the administrator to take the notes of the said Charles E. and endorse them on Barron's notes. The said Campbell had a right at any time before a decree to withdraw the offer to offset, which he did before the master, and claimed that it should not be allowed in offset unless the Charles E. Campbell notes and mortgage was applied on said notes. The orators must stand or fall on the case made by his bill. The answer does not aid him. *Thomas* v. *Warner*, 15 Vt. 110 ; *Barrett* v. *Sargent*, 18 Vt. 365.

That Charles E. was a witness. See 16 Vt. 464 ; 53 Vt. 14 ; 48 Vt. 78.

*Heath & Carleton*, for the orators.

The judgment obtained in Orange County Court should be applied on the mortgage debt. The defendants, Barron and Hazen Campbell, in their answer to the original bill, as well as in their cross-bill, claim that such application should be made. The orators in their answer to the cross-bill agree to such application, and insist that it shall be made. The defendants having made such offer and the orators having accepted the same and insisted upon it in the pleadings in the case, the question of such application was conceded and settled by the pleadings before the testimony was taken. The testimony in the case was taken on the issues raised and concessions made by the pleadings. Mitford Pl. 81.

The opinion of the court was delivered by

TAFT, J. I. This is a petition to foreclose a mortgage. Its execution, with that of the notes secured by it, is admitted. The notes were given for the balance due, upon the settlement of a very large deal between the parties, the amount of which was doubtful. The defendants claim that, at the time of the settlement, the defendant, Hazen Campbell, the maker of the notes, had large claims against Bartholomew, the orator's intestate, for which no credit had been given him in the settlement : that it was the intention that said notes should have been given for the sum due upon the settlement, after the amount of said claims had been adjusted and applied upon the debts due said Bartholomew ; but that being unable to ascertain the exact sum due, it was agreed that there should be an after-settlement, and a correcting of the same. Bartholomew died ; the claims were presented against his estate, and passed into judgment, and the defendants insist in their answer that said judgment should, with other claims, be applied upon the amount due upon the orator's notes, and the orator makes no objection to such application. The defendants, however, insisted before the master, that the judgment should not be applied unless their other claims were allowed. The court think that the application does not depend upon the allowance of other distinct and independent items, but upon the rights of the parties in re-

spect to the judgment alone, and that rule requires the application. Had the amount of the claims which passed into judgment been known and adjusted at the time of the settlement, the notes of the orator would have been given for a sum so much less. The judgment was rendered for claims of errors in the settlement, and other items that should have been allowed in favor of the defendant, Hazen Campbell. The orator is entitled to recover only the sum for which his notes should have been given. The rights of the parties are mutual; if the defendants have the right to an application of the judgment upon the mortgage debt, the orator has the same right. The power of a court of equity to make the application is ample, and we think the pleadings in the original cause and the facts reported by the master require it.

II. To support the claim made by the defendants in their cross-bill, that a contract was made by them with Bartholomew, Charles E. Campbell was offered as a witness to prove that a short time before the deed to Barron he made a contract with Bartholomew, similar in its terms to the one they claimed Barron made with Bartholomew. This testimony was offered for the purpose of showing the " nature and extent of the contract with Barron, and whether the same was duly carried out." The master excluded it. That Bartholomew agreed to make a contract with Campbell was not evidence that he subsequently made a like one with Barron. It was a collateral fact wholly immaterial and evidence of it properly excluded. It is therefore, unnecessary, to discuss the question of the competency of Campbell as a witness.

The decree of the Court of Chancery is affirmed, and cause remanded.

Royce, Ch. J., did not sit.