## E. D. HARRIS v. A. C. HOWARD'S ESTATE.

### Evidence.   Statute of Limitations.

1. The question was whether A could recover for the use of his horse. *Held*, that evidence that he allowed other parties to use the same horse about the same time, and charged them nothing, was inadmissible.
2. Payments, not made upon the general account, but to apply upon specific items, do not prevent the operation of the Statute of Limitations; and where the referee found that the payments were made upon specific items, without other evidence than the dates and amounts of charges and payments, the court refused to set aside his finding.
3. The finding of a referee is conclusive as to the facts found, if there was any evidence tending to establish such facts.

HEARD on referee's report, March Term, 1883, ROWELL, J., presiding. Judgment for the defendant. The referee allowed two witnesses, P. H. Rutter and O. S. Howard, to testify that, about the same time that the plaintiff charged the intestate $1 per day for the use of his horse, he charged them nothing for the use of the same horse.

Harris *v.* Howard.

PLAINTIFF'S SPECIFICATIONS:

Mr. A. C. Howard,

| 1872. | To E. D. Harris, | | Dr. |
|---|---|---|---|
| July 22d. | To use of my horse 14 days, - - - | | $14 00 |
| 1876. | | | |
| May 12th. | " freight on barrel flour, - - - | | 50 |
| Nov. 17th. | "    "    " bedstead and box from Bratt'o, | | 1 00 |
| 1877. | | | |
| Feb. 19th. | By cash, - - - - | $1 50 | |
| 1879. | | | |
| June 28th. | To cash paid for potash and freight, | | 1 35 |
| July 24th. | By cash, - - - - - | 1 35 | |
| | Interest, - - - - - | —— | 9 00 |
| | | $2 85 | —— |
| | | | $25 85 |

*E. L. Waterman*, for the plaintiff.

The evidence was wholly *inter alios* and should have been excluded. *Phelps* v. *Conant*, 30 Vt. 277 ; *Walworth* v. *Barron*, 54 Vt. 677.   Statute of Limitations: it is a mutual account, kept in the ordinary way of debit and credit.   No evidence was introduced as to the application of payments.   So inequitable a defense ought to be established by positive proof.   *Abbott* v. *Keith*, 11 Vt. 525.

*Haskins & Stoddard*, for the defendant.

The evidence was admissible.   *Cook* v. *Moore*, 11 Cush. 213 ; *Richardson* v. *Turnpike Co.*, 6 Vt. 496 ; *Henry* v. *Huntley*, 37 Vt. 317 ; *Earl* v. *Tupper*, 45 Vt. 275 ; 1 Stark. Ev. s. 7. The statute is a bar.   *Hodge* v. *Manley*, 25 Vt. 210.

The opinion of the court was delivered by

Taft, J.   I.   The testimony of Rutter and Howard should have been excluded.   The fact that the plaintiff charged *them* nothing for the use of his horse was not evidence that he charged the *intestate* nothing.   The making of a contract cannot be shown by the evidence of other contemporaneous ones.   *Phelps* v. *Conant*, 30 Vt. 277 ; *Walworth* v. *Barron*, 54 Vt. 677.   The rule in *Eastman* v. *Premo*, 49 Vt. 355, does not apply.   For the purpose of showing a fraudulent intent, on the part of the

defendant, in the purchase of property, evidence of other similar fraudulent acts committed at about the same time is admissible. The question in this case was not what the intent of the plaintiff was in entering into it, but what were the terms of the contract agreed upon. The plaintiff should recover unless the claim is barred by the statute.

II. To remove the statute bar the plaintiff contends that the payment by the intestate of one dollar and fifty cents and one dollar and thirty five cents were payments made on the plaintiff's account generally. If so the statute would not apply. The referee has found that such payments were made to extinguish the charges of the same amounts immediately preceding them; and "payment of specific items of charge, unaccompanied by any circumstances showing a recognition of, any other account, will not be sufficient to remove the operation of the statute." *Hodge v. Manley,* 25 Vt. 210. The finding of the referee is conclusive as to the facts found, if there was any evidence before him having a tendency to establish such facts. The reports shows that the only evidence was the dates and amounts of the charges and payments. The item in question was charged in 1872; the next items were in May and November, 1876, with a credit in February, 1877, of cash, the exact amount of said last two items. The remaining item in June, 1879, one dollar and thirty-five cents, is followed by a credit of cash within one month, of the same sum. The first debit item, the one in dispute, was nearly four years old before the second item was made, and the two last are nearly three years apart. The distance in time between the debit items, the fact that all save one are followed by cash credits, very soon after they were made, of the exact sums to pay them, we think, have a tendency to show that the credits were paid to apply upon the specific items and not upon the general account. The finding of the referee must therefore stand, the statute held a bar, and the judgment affirmed.