## GEORGE W. AIKEN v. E. A. KENNISON.

### *Trover. Evidence. Presumption.*

1. In general it will not be presumed that A made a certain contract with B from the fact that he had made similar contracts with other parties.

2. It appeared, that the defendant was authorized to and did purchase a horse on the plaintiff's credit, that the defendant retained possession, and the plaintiff claimed to have a lien; it also appeared, that the defendant exchanged this horse for another, that the plaintiff claimed that it was by his consent, and that the first lien was discharged in consideration of his having a lien on the second horse; *Held*, in an action of trover for the conversion of the second horse, that the bill of sale, executed by the first vendor to the defendant at the time of the purchase, although the plaintiff was not present, was admissible in behalf of the defendant to prove that he was the sole owner.

TROVER for the conversion of a horse. Trial by jury, Ross, J., presiding. Verdict for the defendant.

The plaintiff's evidence tended to show that on the defendant's request, he, plaintiff, told him he would purchase a horse for him, and that defendant might have the horse when he paid for it; that defendant consented, and that thereupon he gave him the following writing to take to one Miller:

" PLIN MILLER:
" If you trade with E. A. Kennison for a horse, I will pay you for him about the middle of this month.
        (Signed)               " G. W. AIKEN."

On the same day, January 9, 1883, the defendant took the writing to said Miller, traded for the horse, and took it into his possession. At the same time the plaintiff made the following entry in his book in his account against defendant: " January 9. Horse of Pliny Miller."

The plaintiff's evidence further tended to show, that on February 16, 1883, he gave a written consent to the defendant, that he might exchange this horse for another horse

provided he, plaintiff, had the money paid in exchange, and also a lien on the second horse; that the defendant exchanged the horse, and soon after sold the one received.

The defendant denied that plaintiff ever had any interest in or lien upon either of said horses; and his evidence tended to show that he made the purchase of the horse from said Miller in his own name and right, and took a bill of sale from said Miller therefor at the date of the purchase; that plaintiff gave him the writing before mentioned merely for the purpose of assuming the payment of said horse, and not for the purpose of purchasing the said horse for himself, or of acquiring any lien on it.

On trial the plaintiff produced his book showing his account with the defendant, and showing the entry in pencil above named, and the same were put in evidence without objection.

The plaintiff's counsel then proposed to ask the plaintiff upon his examination in chief, whether he had had other transactions of a similar nature with other people dealing with him. The evidence was excluded. When the defendant took the horse from Miller he also took a common bill of sale of the horse. The bill of sale was offered on the trial as evidence in behalf of the defendant and admitted.

*Crane & Alfred,* for the plaintiff.

There was error in excluding the evidence offered to show that the plaintiff had had other transactions with other people of a similar nature. *Houghton* v. *Clough,* 30 Vt. 312; *Hine* v. *Pomeroy,* 39 Vt. 211; *Hardy* v. *Cheney,* 42 Vt. 417, 421; *Missisquoi Bank* v. *Evarts,* 45 Vt. 293; *Soule* v. *Burton,* 36 Vt. 652, 656.

The bill of sale was not admissible. 2 Best Ev. 877; *Way* v. *Holton,* 46 Vt. 184; *Worden* v. *Powers,* 37 Vt. 619-621; *Wilmot* v. *Charter Oak Life Ins. Co.* 46 Conn. 483, 496; *Stirling* v. *Buckingham,* 46 Conn. 461-464; *Moore* v. *Meacham,* 10 N. Y. 207, 210; 57 Vt. 278.

*L. H. Thompson*, for the defendant.

The evidence excluded by the court related to matter wholly *inter alios*. It had no tendency to prove that plaintiff had a lien on the horse.  *Boyden* v. *Brookline*, 8 Vt. 284; *Phelps, Dodge & Co.* v. *Conant & Co.*, 30 Vt. 277; *Bishop* v. *Wheeler*, 46 Vt. 413; *Nones* v. *Northouse*, 46 Vt. 592; *Walworth* v. *Barron*, 54 Vt. 684.

The bill of sale was admissible.  1 Greenl. Ev. (12th ed.) s. 108; 2 Best Ev. (Wood's ed.) s. 495; *Elkins* v. *Hamilton*, 20 Vt. 627; *Bank of Woodstock* v. *Clark*, 25 Vt. 308; *Ross* v. *Bank*, 1 Aik. 43; *State* v. *Howard*, 32 Vt. 380; *Danforth* v. *Streeter*, 28 Vt. 494; *Eddy* v. *Davis*, 34 Vt. 209; *Hill* v. *North*, 34 Vt. 616.

The opinion of the court was delivered by

ROWELL, J.  *Phelps, Dodge & Co.* v. *Conant & Co.*, 30 Vt. 277, is sufficient authority against the first exception; but as " frequent recurrence to fundamental principles " is as necessary in law as in liberty, we will advert to the general rule under which such evidence is excluded.

The maxim that a transaction between two persons ought not to operate to the disadvantage of a third, though somewhat obscure in its application, because it does not show how unconnected transactions should be supposed to be relevant to each other, and though failing in its literal sense, because it is not true that a man cannot be affected by a transaction to which he is not a party, is nevertheless one of the most important and most practically useful maxims of the law of evidence.  It means, as Mr. Justice STEPHEN says, that you are not to draw inferences from one transaction to another that is not specifically connected with it merely because the two resemble each other; that they must be linked together by the chain of cause and effect in some assignable way before you can draw your inference.  Steph. Dig. Ev. 198, *note* vi.

But this rule has its exceptions, and one of them is—which

is claimed to be applicable here—that where the question is whether a thing was done or not, the existence of any course of office or business according to which it naturally would or would not have been done, is a relevant fact. But as here was no offer to show any such course of office or business, the case is not brought within this exception; and as there is no other exception to the rule within which it is brought, it is left to stand on the rule itself, which, as we have seen, excludes similar but unconnected facts. 1 Whart. Ev. s. 29. Mr. Phillips says it is considered in general that no reasonable presumption can be drawn as to the making or the execution of a contract by a party with one person in consequence of the mode in which he has made or executed similar contracts with other persons. 1 Phil. Ev. *748.

A reference to a few cases will serve to illustrate the rule.

In assumpsit for use and occupation, the question being whether the rent was payable quarterly or half-yearly, Lord KENYON would not allow the plaintiff to show that his other tenants like the defendant paid their rents quarterly, and said that it had been solemnly determined in a trial at the bar that evidence of the custom of one manor was no evidence of the custom of an adjoining manor. *Carter* v. *Pryke*, Peake, 95.

So where the question was upon the custom of tithing in the parish of A, evidence that such a custom existed in adjoining parishes was excluded, the custom not being laid as a general custom of the whole country. *Furneaux* v. *Hutchins*, Cowp. 807. And see *Spenceley* v. *DeWillott*, 7 East, 108.

The question being as to the quality of beer to be furnished by plaintiff to defendant, evidence was not allowed as to the quality of beer supplied by plaintiff to other persons, there being no offer to show that it was of the same brewing as that supplied to defendant. *Holcombe* v. *Hewson*, 2 Camp. 391.

So in assumpsit by a school teacher to recover a quarter's

salary for taking away defendant's children without giving a quarter's notice, evidence was not allowed to show that another person had taken away *her* children without notice and without being called upon to pay the quarter's salary. *Delamotte* v. *Lane*, 9 C. & P. 261. And *see* 2 Whart. Ev. s. 1287, *n.* 6.

The bill of sale from Miller to the defendant was properly admitted. All facts and circumstances upon which any reasonable inference or presumption can be founded as to the truth or falsity of the issue or of a disputed fact, are admissible in evidence. *Richardson* v. *Turnpike Company*, 6 Vt. 496. Here it was in dispute whether the plaintiff or the defendant owned the Miller horse. The plaintiff claimed that the defendant was to buy it, and did buy it, as his, to become defendant's when he paid for it; while the defendant claimed that he was to buy it, and did buy it, as his own and not as plaintiff's, and that plaintiff never had any interest in it nor lien upon it. Now in this posture of the case it is obvious that the defendant's taking a bill of sale of the horse to himself when he bought it, had a legitimate tendency to strengthen the probability of the truth of his claim in this behalf, and so was admissible.

Again, inasmuch as the defendant was to negotiate the purchase with Miller, such purchase became one of the group of facts that constituted the transaction between the plaintiff and the defendant, and so the case is brought within the rule that every fact that is part of the same transaction as the facts in issue or dispute, is relevant, although it may not be itself in issue or dispute, and would be excluded as hearsay or as *res inter alios* if not a part of such transaction. Steph. Dig. Ev. 29.

Judgment affirmed.