## EDWIN K. JONES

v.

## ESTATE OF J. W. ELLIS.

JANUARY TERM, 1896.

*Action for fraud does not survive. Evidence. General exception to charge.*

1.  An action for fraud in the sale of shares of stock does not survive under V. S., 2446.

2.  The question being whether the defendant warranted the value of the stock to the plaintiff, evidence that in the sale of the same kind of stock to another person he gave such a warranty is not admissible.

3.  Upon the above issue, the amount of the stock and bonds of the company, which a witness and other persons own, is immaterial.

4.  The condition of the assets and liabilities of the company in

1894 does not tend to show the value of its stock in 1890 without something to connect the two periods.

5.   A general exception to the entire charge will not be sustained, if any portion of the charge is correct.

Appeal from a decree of the probate court for the district of Washington accepting the report of commissioners for the allowance of claims against the estate of J. W. Ellis. Trial by jury at the September term, 1895, Washington county, Thompson, J., presiding. Verdict and judgment for the defendant. The plaintiff excepts.

The plaintiff claimed to recover in respect to the sale of certain shares of. stock in the Sioux City Valley Land Company upon the ground, first, that the plaintiff was induced to purchase said stock by the fraudulent representations of the intestate, and second, that the intestate, at the time of the sale, warranted the stock to be of the value for which it was sold.

With respect to the first of these claims the defendant insisted that an action for such fraudulent representations would not survive against the defendant's estate. The court so held and the defendant excepted.

It appeared that in April, 1890, the plaintiff purchased from the intestate fifty shares of the above mentioned stock for the price of forty dollars per share; that he then paid the cash for such stock to the intestate, and that the intestate remitted the same to the company less a commission of ten per cent.

The evidence of the plaintiff tended to show that before and at the time of the sale the intestate made such representations to the plaintiff as to the value of said stock as amounted to a warranty that the stock was worth forty dollars per share; that these representations were false as the intestate knew, and that the stock was in point of fact worthless at the time it was sold to the plaintiff, and continued to be utterly worthless from then on.

36

The plaintiff introduced the deposition of one Geo. May, who testified that he first became a stockholder in 1892, at which time he was elected director and president of the company ; that he was at the time of the taking of his deposition a resident of Massachusetts ; that he had in his possession a great number of books and papers relating to the affairs of the company which he was willing to have examined, but which he declined to permit to be taken to Vermont. Certain questions and answers of the witness were excluded relating to his own connection with the company, the amount of stock held by him and other stockholders aside from the intestate, the names of the holders of the bonds of the company and the amount of their holdings, aside from the intestate, and also the value of the assets and the amount of the liabilities of the company at the time of its suspension in 1894. The plaintiff excepted to the exclusion of this testimony.

The plaintiff introduced as a witness one William Boynton, and offered to show by him that at about the time of the sale to the plaintiff, the intestate had several conversations with the witness in reference to the sale of some of this same stock ; that in these conversations the intestate made the same representations to the witness as to the value of the stock ; that in consequence of these representations the witness purchased a quantity of this stock, and that the intestate warranted it to be worth forty dollars per share. This testimony was excluded and the plaintiff excepted.

*S. C. Shurtleff* and *J. P. Lamson* for the plaintiff.

The cause of action for the fraud survives. *Admr. of Barrett* v. *Copeland*, 20 Vt. 244 ; *Bellows* v. *Admr. of Allen*, 22 Vt. 108 ; *Dana, Admr.,* v. *Lull*, 21 Vt. 383 ; *Winhall* v. *Est. of Sawyer*, 45 Vt. 466.

The testimony of Boynton was admissible. It bore upon the intention and disposition of the intestate. *Bradley Fertilizer Co.* v. *Fuller*, 58 Vt. 315.

*Dillingham, Huse & Howland* for the defendant.

The action did not survive.   V. S., ss. 2446, 2447, 2448.
*Read* v. *Hatch*, 19 Pick. 47 ;  *Winhall* v. *Sawyer's Estate*,
45 Vt. 466;  *Leggate* v. *Moulton*, 115 Mass. 552 ;  *Bellows*
v. *Admr. of Allen*, 22 Vt. 108.

TAFT, J.   The plaintiff purchased of Ellis, the deceased,
fifty shares of the capital stock of the Sioux City Valley Land
Company and paid two thousand dollars therefor.   The plaintiff
claimed that the sale was effected by fraud on the part of
Ellis, and the first question before us is :

I.   Does the action survive ; can it be maintained against
the estate of Ellis?  This depends upon the construction
given s. 2446, V. S., which provides that among other actions,
those of "trespass and trespass on the case for damages
done to * * * * * personal estate shall survive."  The
fraud which the plaintiff claims was committed by the de-
ceased, was in making false representations in regard to the
stock sold by him to the plaintiff.   As a result of it, the
plaintiff claims he paid money for property of no value.   This
was not doing damage to the plaintiff's personal estate within
the meaning of the statute.   A fraud committed by one, the
result of which creates a liability upon another to pay money,
is not such a damage done to the latter's personal estate as
will create a cause of action which survives.   The ruling of
the court in this respect was correct.

II.   After the above ruling, the cause was tried under the
contract aspect of the declaration ; the plaintiff claimed that
the deceased in making the sale, warranted the stock.   Upon
this question the plaintiff proposed to show that the deceased
in a sale of stock in the same corporation to one Boynton,
warranted the stock to the latter to be of value.   This testi-
mony was excluded and correctly so, upon the authority of
*Phelps* v. *Conant*, 30 Vt. 277, and *Aiken* v. *Kennison*, 58

Vt. 665. Whether the deceased warranted stock he sold Boynton was "*res inter alios, etc.*"

III. The depositions, of May and Baldwin, were offered and answers to certain interrogatories excluded. The plaintiff claimed it was competent to show the interest Ellis had in the corporation and his knowledge of its affairs; conceding this, none of the excluded testimony had any tendency to show that Ellis had any interest in the company, nor any knowledge of its affairs. Testimony that Ellis was a bond-holder and received a discount and commission on sales of stock was admitted. There was nothing else in the excluded answers relevant upon the questions. The plaintiff further claimed the excluded testimony was admissible in that it tended to show the value of the stock. Its value in April, 1890, the time of the plaintiff's purchase, was pertinent. The questions, the answers to which were excluded, were what were the assets and liabilities of the company in August, 1894. The court ruled that without anything to connect the condition of the company at that time with the state of its affairs at the time of the sale, its condition in August, 1894, was immaterial. This ruling was correct. The solvency of the company in August, 1894, was collateral and immaterial.

IV. The remaining question relates to the charge. The court charged as to the survival of the action, and as to the warranty. The charge covered three printed pages, and the exception was general, viz. : "To all that part of the charge hereinbefore referred to." The charge that the action in its tortious aspect did not survive was correct. The charge not being erroneous in all respects, the exception, being general to the whole charge, cannot be sustained, even if there was error in some respects, which it is unnecessary for us to consider. *Morrill* v. *Palmer, ante* 1.

*Judgment affirmed and ordered certified to the probate court.*