WELCH & DARLING *vs.* B. M. & IRA O. RICKER.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Evidence—Separate Transactions.*

The defendant could not show that he did not promise to pay the plaintiff for the goods in question by showing that he afterwards promised to pay the plaintiff for certain other goods and kept that promise.

The plaintiffs claimed that the goods were sold upon the representation of B. M. Ricker that he was jointly interested with the defendant Ira O. Ricker in the management of the farm for which they were purchased. The plaintiffs should, therefore, have been permitted to show that he was in fact thus interested by showing that he hired, paid and directed laborers upon the farm.

The plaintiffs having explained their method of bookkeeping and produced their books showing separate entries of the goods in question, were not entitled to characterize one of such entries as "the only charge."

GENERAL ASSUMPSIT. Plea the general issue. The defendant, Ira O. Ricker, being in insolvency, the case proceeded against B. M. Ricker alone. Trial by jury at the June Term, 1896, Caledonia County, *Ross,* C. J., presiding. Verdict and judgment for the defendant. The plaintiffs excepted.

With respect to the exception last mentioned in the opinion, the record shows that the plaintiffs offered to have the plaintiff Welch testify "that the ledger was the only

book upon which the plaintiffs charged such goods as were not paid for." The court permitted the plaintiffs to show how the books were kept, but ruled that the witness could not state that the ledger entry was the only charge, and excluded the offer; to which the plaintiffs excepted.

*Dunnett & Slack* for the plaintiffs.

*Bates & May* for the defendants.

THOMPSON, J. The defendant, Ira O. Ricker, being in insolvency, the case in the court below proceeded against the defendant, B. M. Ricker, alone. The plaintiffs sought to recover for the price of a quantity of feed delivered to Ira O. Ricker by virtue of certain representations made prior to delivery, by B. M. Ricker, as the plaintiffs claimed, which rightly gave them to believe and understand that he would become jointly responsible with Ira O. for the payment thereof. The defendant, B. M. Ricker, denied having made such representations and his liability to pay for the goods. The feed was delivered from time to time from November, 1892, to November, 1894. Late in the fall of 1894, the defendant, B. M. Ricker, denied his liability to the plaintiffs and refused to pay for the feed which had been delivered to Ira O., but then agreed to pay for all feed which they might thereafter furnish him. As tending to controvert the claim of the plaintiffs, that he had ever acknowledged any liability on his part, for the feed in controversy, he was permitted to show, under the exception of the plaintiffs, that on July 17, 1895, he paid them for all the feed which they furnished to Ira O. under the agreement made in the fall of 1894. This agreement and transaction had no connection with the one under which it was claimed the account in suit accrued. By the ruling under which this evidence was admitted, the jury might well have understood that they had a right to infer and reason thus: the defendant always pays as he agrees, because he paid pursuant to his agreement in the fall of 1894; he did not pay for the feed delivered prior to that

agreement, but refuses so to do, therefore he did not promise to pay as alleged by the plaintiff.

Inferences are not to be drawn from one transaction to another that is not specificially connected with it merely because the two resemble each other; they must be linked together by the chain of cause and effect in some assignable way before an inference can be drawn. Stephen's Dig. Ev. (May's ed.) 55, art. 10; Id. 206, note VI. No inference in respect to the alleged agreement in controversy could legitimately be drawn from the fact that the defendant had performed another contract about which there was no dispute. Hence it was error to admit this evidence for the specific purpose stated. *Boyden* v. *Brookline*, 8 Vt. 284; *Phelps* v. *Conant*, 30 Vt. 277; *Bishop* v. *Wheeler*, 46 Vt. 409; *Hitt* v. *Slocum*, 37 Vt. 524; *Harris* v. *Howard's Est.*, 56 Vt. 695; *Aiken* v. *Kennison*, 58 Vt. 665; *Jones* v. *Ellis' Est.*, 68 Vt. 544.

The exception to the refusal of the court below to order the defendant to produce his book of accounts, showing his deal with Ira O., cannot be sustained, as the record shows that the book was produced, submitted to the plaintiffs, and the defendant examined in respect to the same. The record does not disclose that this was not all done before the close of the cross-examination of the defendant.

The defendant B. M. Ricker testified that the control and management of the farm sold by him in 1889 to his son, Ira O. Ricker, and on which the latter lived while the account in controversy was accruing, was the same for the years 1893 and 1894 down to 1895. The plaintiffs offered to show by D. R. Darling that he worked on the farm during the winter of 1894 and 1895, after the dispute between them and B M. Ricker, and after they had begun to furnish feed on his special promise to pay for the same, and that he was on the farm and hired Darling, directed his labors and paid him. This evidence was excluded, to which the plaintiffs excepted.

*16*

The evidence of the plaintiffs tended to show that as a part of the representations made to him by B. M. Ricker, under which they furnished the feed on the joint credit of himself and Ira O., he made such representations as gave them the right to understand and believe that he was jointly interested with Ira O. in the management and control of the farm. If this were true, it rendered more probable the claim of the plaintiffs that he agreed to become jointly liable with Ira O. for the feed. In view of the testimony of B. M. Ricker in respect to the control and management of the farm during the years 1893 and 1894, the evidence excluded tended to show that he was jointly interested with Ira O. in the control and management of the farm, and it was error to exclude it. *Armstrong* v. *Noble*, 55 Vt. 428; *Tenney* v. *Harvey*, 63 Vt. 520; *State* v. *Burpee*, 65 Vt. 1.

We fail to discover any error in respect to permitting the plaintiffs to testify about the charging the feed on their books. The books were produced and the entries shown. The plaintiffs were allowed to testify fully as to their method of keeping their books, and how it happened that on the memorandum or sales book, the feed was charged to Ira O. Ricker, while on the ledger it was charged to Ira O. and B. M. Ricker. Neither entry was conclusive as to whom the credit was in fact given at the time of the delivery of the goods. *Scott* v. *Shepherd*, 3 Vt. 104; *Goodrich* v. *Drew*, 10 Vt. 137. The plaintiffs were permitted to show that they in fact sold the goods on the joint credit of both the Rickers. It was for the jury to say whether the plaintiffs' books as kept, corroborated their claim.

*Judgment reversed and cause remanded.*