EDWARD E. FARMER v. JOHN D. WILLIAMS.

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 22, 1918.

### Evidence—Admissibility—Instructions to Jury.

In an action to recover borrowed money, inquiry of plaintiff on cross-examination whether he had ever loaned money to any one except defendant, and his answer that he did not remember that he had, were inadmissible, and, under the circumstances, constituted prejudicial error.

In an action to recover borrowed money, evidence offered by plaintiff, that at sometime before the loan he told the witness that defendant wanted to borrow the money from him, was properly excluded.

It is not error to allow the contradiction of evidence not responsive, and yet in its nature prejudicial.

In an action to recover borrowed money, wherein defendant claimed that the money was not loaned by plaintiff but by another person, since deceased, evidence that defendant repaid the money to such person is admissible, no contract between the latter and defendant being in issue.

In an action to recover borrowed money, wherein defendant claimed that the money was not loaned by plaintiff, but by another person and was repaid by him to such person, evidence that defendant was in funds at the time of the claimed payments, or some of them, is inadmissible, and, when received, constitutes prejudicial error.

In an action to recover borrowed money plaintiff was not entitled to an instruction that the jury must find from the evidence that defendant had the use of plaintiff's money in the amount claimed.

CONTRACT. Plea, the general issue. Trial by jury at the September Term, 1916, Rutland County, *Butler*, J., presiding. Verdict and judgment for defendant. Plaintiff excepted. The opinion states the case.

*M. C. Webber, J. B. McCormick* and *J. P. Leamy* for plaintiff.

*J. C. Jones, Lawrence, Lawrence & Stafford* and *E. J. Lock-wood* for defendant.

HASELTON, J.  This is an action of contract.  Trial by jury was had, and verdict and judgment were for the defendant.  The plaintiff excepted.  The defendant and the plaintiff's wife are brother and sister.  Their father, David J. Williams, lived with his daughter and her husband, the plaintiff, at their home in Poultney.  The father died before the commencement of this suit.  In December, 1909, the defendant borrowed $2,100, and gave no note therefor.  So far the parties agree.  The plaintiff's claim is that half of this sum, $1,050, was borrowed of him and in part and in part only repaid.  The defendant's claim is that he borrowed no money of the plaintiff, but borrowed the whole amount of $2,100 of his deceased father and that the loan was repaid by him to his father, that he borrowed none of the money of the plaintiff, owed him nothing and had paid him nothing on account of the loan in question.

The plaintiff's evidence tended to show that the defendant applied to his father for a temporary loan of $2,100, that the father said he hadn't the amount where he could get it, that he said he could let the defendant have $1,050, half of the amount asked for, and that the plaintiff's wife, who was present, said that if her husband had the mind to, he could let the defendant have the other half of the amount asked for; that, at the request of the defendant, Mrs. Farmer went to Rutland where her husband the plaintiff was working; that the outcome was that the father, who had $1,200 in the Rutland Savings Bank, gave his note to the bank for $1,050, giving his bank book as security, and that Mr. Farmer, the plaintiff, who had $1,100 in the same bank, gave his note to the bank for $1,050, giving his bank book as security; that for these notes a New York draft for $2,100, payable to the plaintiff was delivered to the plaintiff's wife, that the plaintiff cashed the draft at the Poultney bank and handed the proceeds to his wife who handed them over to her brother, the defendant.  The bank books, the notes and the cashier's draft above referred to were in evidence and indicate that the money was raised in the way that the oral testimony on the part of the plaintiff tended to show.  The plaintiff's testimony tended to show that he loaned $1,050 or one half of the total sum loaned and that the defendant so understood it.  The defendant testi-

fied that he didn't know how the money was raised, but that he asked his father for the loan, that at first his father said he didn't know whether he would make the loan or not, but that after some talk he said to his daughter, the plaintiff's wife, "You go to the Rutland bank and get that money," that Mr. Farmer's name wasn't mentioned, that later Mrs. Farmer handed the defendant the money saying "John, here is the money that father sent down to you."

The plaintiff having testified to the loan by him to his brother-in-law of $1,050, the cross-examiner was allowed, under objection and exception, to inquire of the plaintiff if he had ever loaned money to any one except the defendant. The plaintiff's testimony was that he didn't remember that he had. The defendant claims that the question and answer were competent to impeach the witness. But they were not. No discussion of this claim is necessary. *Welch* v. *Ricker,* 69 Vt. 239, 39 Atl. 200; *Jones* v. *Ellis' Est.,* 68 Vt. 544, 35 Atl. 488; *Harris* v. *Howard's Est.,* 56 Vt. 695; *Walworth* v. *Barron,* 54 Vt. 677; *Phelps* v. *Conant,* 30 Vt. 277; *Comstock's Admr.* v. *Jacobs,* 84 Vt. 277, 78 Atl. 1017, Ann. Cas. 1913 A, 679; *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148; *Richardson* v. *Baker,* 83 Vt. 204, 75 Atl. 151.

The defendant here claims that the testimony was relevant to the matter of the agency of the plaintiff's wife. But the question put in no way related to the agency of the plaintiff's wife in making loans or in doing anything else. The testimony was wholly irrelevant and came within no principle of cross-examination. The defendant suggests that, if in fact the evidence was immaterial it was harmless. But we think it was prejudicial. It had in fact no probative value, but since the court admitted it, it gave ground for a fallacious claim and argument calculated to mislead the jury.

The plaintiff offered to show that at sometime before the time of the loan he told one Haig that the defendant wanted to borrow money from him to purchase some real estate. The plaintiff offered to show this by Haig. There was no offer to show that the plaintiff expressed any intention to loan the money. Evidence under this offer was excluded and its exclusion was correct. The offer did not make the matter a part of the *res gestae* as the plaintiff claims. *Elkins* v. *Hamilton,* 20 Vt. 627; *State* v. *Ryder,* 80 Vt. 422, 68 Atl. 652.

In cross-examination of the plaintiff's wife she was asked in substance if she ever said anything to the defendant's wife to the effect that the defendant owed the plaintiff for borrowed money. The witness answered "Yes," and being asked "How many times," she volunteered details of a time when, as she said, the defendant was terribly drunk and was making trouble around his home. Her testimony as to this occasion, the defendant's wife was allowed, under objection and exception, to contradict. It was not error to allow this contradiction of evidence not responsive and yet in its nature prejudicial. *Fairchild* v. *Northampton, etc., Ins. Co.,* 51 Vt. 613; *Ellsworth* v. *Potter,* 41 Vt. 685.

In connection with the defendant's claim that the loan in question was made him by his father and not by the plaintiff, the defendant testified that he had paid it back to his father in the life time of the latter. This testimony was received, under objection and exception, as relating to a circumstance bearing upon the issue of whether the money was borrowed of the plaintiff or of the defendant's father. In the state of the evidence, we think the fact testified to, if it was a fact, was a circumstance bearing upon the question in issue, and that, as no contract between the defendant and his father was in issue and on trial, the fact that the father was dead did not make the testimony inadmissible. *Manufacturers' Bank* v. *Schofield,* 39 Vt. 590; *Cole* v. *Bond's Est.,* 41 Vt. 311, 98 Am. Dec. 587; *Downs* v. *Belden,* 46 Vt. 674.

The defendant testified as to the sources from which the money came with which he paid his father, and introduced the testimony of one Ripley and certain checks given by Ripley tending to show that the defendant was in funds at the time of the claimed payments or some of them. All this was under objection and exception. As a general rule the fact that one could have paid a debt is not evidence that he did. *Atwood* v. *Scott,* 99 Mass. 177, 96 Am. Dec. 728; 1 Wigmore, Sec. 89. In various circumstances the rule does not apply. See *Gilfillan* v. *Gilfillan's Est.,* 90 Vt. 94, 96 Atl. 704, and cases there collected. But here to the extent of several hundred dollars, the question was not whether the defendant had paid, but whether he had paid to the plaintiff, as the plaintiff claimed, or had paid to the defendant's father, as the defendant claimed. On that question the possession of funds by the defendant could have no bearing,

and yet as the evidence came in the jury naturally understood that the possession of the requisite funds to pay the whole indebtedness supported the defendant's claim that he paid all to his father and nothing to the plaintiff. Here was prejudicial error.

Several exceptions were taken to portions of the charge to the jury wherein the court touched upon the matter of the estoppel of the plaintiff to show and rely upon the truth of the matter if he was the undisclosed principal of his wife and if she falsely represented to the defendant that the money loaned was the money of her father, and the defendant relied upon such representations, and in reliance thereon repaid the loan to his father. The plaintiff claims, among other things, that the charge as to those and kindred matters was not applicable to the evidence, and in view of the necessity of a new trial for errors in relation to evidence, we deem it unprofitable here to analyze the evidence and the charge as they stood in the trial under review in their relation to the matters complained of.

The plaintiff excepted to the refusal of the Court to comply with a request that the jury be charged that they must find from the evidence that the defendant had the use of $1,050 of the money of the plaintiff. But we do not think that the plaintiff was entitled to a binding instruction to that effect. After verdict and before judgment the plaintiff moved to set aside the verdict. This motion was overruled and the plaintiff excepted. The reasons for not analyzing the evidence for the purpose of considering the charge and the refusal to charge apply to this exception, particularly as the decision gives the plaintiff a new trial.

*Judgment reversed and cause remanded.*