F. J. W. NOYES *v.* JOHN FITZGERALD.

*Evidence.*

The contention being as to what wages a carpenter was to receive per day; *held,* that evidence of what other carpenters received in other towns in another State, was too remote.

ASSUMPSIT.   Plea general issue with notice of payment. Trial by jury, and verdict for plaintiff.

The plaintiff claimed to recover a balance alleged to be due him from the defendant on account of sixteen days' work done by the plaintiff for the defendant in the building of a house for the defendant at North Walpole, New Hampshire, which is just across the Connecticut River from Bellows Falls in Vermont, under an alleged contract that the defendant would pay the plaintiff carpenters' wages therefor. The plaintiff also claimed to recover upon the *quantum meruit,* if a special contract was not made out ; and introduced evidence tending to show his competency as a carpenter.

The defendant claimed and introduced evidence tending to show

that such was not the contract, but that the ·stipulated  price per day was $1.20, and that he had paid the plaintiff in full according to said stipulated price, and also· all that his work was worth.

The plaintiff's specification was for $2.25 per day.    And he testified that carpenters' wages at said· Walpole, at the time he did said work, were from $2.25 to $2.75 per day ;  and further, under the objection  and exception of the defendant, introduced evidence to show what carpenters' wages were at that time in various towns in Vermont;  namely, Rutland, Bennington, Manchester, Pittsford and Brandon.

This evidence tended to show that the wages paid in said towns in Vermont were from $2, to $2.50 per day.

*G. E. Lawrence*, for plaintiff.

*James C. Barrett*, for defendant.

The opinion of the court was delivered by

ROWELL, J.   This evidence was too remote.   It stands on no stronger ground than the rule that distant markets cannot be consulted in  proof of values unless the markets are  in  some way inter-dependent or sympathetic.   2 Whart. Ev. s. 1290 ;  *Rice* v. *Manly*, 66 N. Y. 82.    No more liberal rule should  be adopted here.   Prices in  the  same vicinity may  be shown.    *Vilas* v. *Downer*, 21 Vt.  419, followed in  *Stanton*  v.  *Embrey*, 93 U. S. 557.   In *Benham* v. *Dunbar*, 103 Mass. 369, it is said that if the value of a town lot was in question, evidence as to the value of other lots should be confined to sales of comparatively recent date and of  lots in the near vicinity.

Reversed  and  remanded.