## J. H. REED v. E. S. REED.

*Heirs may Divide Estate when no Creditors. Consideration. Requests. Evidence, More Probable. Practice.*

1. When there are no creditors, the heirs may agree upon a division of the estate among themselves. If they make such division, and one promise to pay another a certain sum for his proportion, the promise is founded upon a good consideration; and the amount can be recovered under the common courts in assumpsit.
2. The fact that the mother in her life had indicated how she wished her property to be divided, and the heirs had agreed to regard her wishes, rendered it more probable that they did regard her wishes, and make the contract testified to, and is, therefore, admissible.
3. If there is any testimony tending to support the claim of one party, the court has no power to order a verdict for the other party.
4. There was no testimony to be submitted to the jury as to whether the promise was barred by the Statute of Limitation, as the proof of both parties tended to show a promise, if such there was, the performance of which was to be within six years.
5. It is not the legitimate purpose of requests to charge, to get the court to give special prominence to a particular class of testimony.

ASSUMPSIT. Pleas, general issue and Statute of Limitations. Trial by jury, April Term, 1883, ROYCE, Ch. J., presiding. Verdict for the plaintiff. Plaintiff's specification : "To recover of the defendant plaintiff's share of the estate of Sally Reed, deceased, mother of these parties, being what the defendant has in his hands in excess of his share of said estate, which excess the defendant promised to pay the plaintiff."

*H. C. Adams*, for the plaintiff.

*G. W. Burleson* and *Wilson & Hall*, for the defendant.

The opinion of the court was delivered by

Ross, J. I. There was evidence in the testimony of the plaintiff, and in the deposition of C. R. Reed, tending to establish both propositions submitted to the jury by the court.

Reed *v.* Reed.

II. The testimony of the plaintiff tends to show a promise by the defendant to pay as soon as he was able, and that he had been able from two to four years. The defendant denied making any promise, and testified that his first interview with the plaintiff on the subject was in the fall of 1878. The testimony of both parties tended to show a promise, if such there was, the performance of which was to be within six years from the bringing of the suit. There was, therefore, no testimony on which to submit the question, whether the promise, if made, was barred by the Statute of Limitations.

Neither was there, on this state of the testimony, any foundation for the defendant's motion to have a verdict ordered in his favor.

III. It was competent for the heirs of the mother, the uncontradicted evidence showing that there were no creditors of the estate, to agree upon a division of the estate among themselves.

IV. The fact that the mother had in her life indicated how she wished her property divided, and the heirs had agreed to regard her wishes, rendered it more probable that they did regard her wishes, and make the agreement testified to by the plaintiff as to the division of her estate, and that the defendant promised to pay the plaintiff his share of the estate under such division. Hence, proof of this fact was properly admitted, and the court made no improper use of it in its charge to the jury.

V. The defendant having money belonging to the estate in his hands, and the heirs having agreed that he might retain one-half of the estate for his own use and should pay enough to the plaintiff to make up, with what the plaintiff had of the estate, the other half, and the defendant having promised to pay said sum to the plaintiff, as found by the jury, such promise was founded upon a good consideration; and such sum could be recovered under the common money counts in assumpsit. Such counts are always applicable where the defendant is indebted in money to the plaintiff on a fully executed contract, or where nothing remains to be done by either party except for the defendant to pay the money on his promise and agreement.

VI.  The defendant complains that the court did not comply
with his requests to charge that his testimony, to the effect that
he and his mother, while in life, both understood that his note to
her was outlawed, was to be considered by the jury upon the
probability of whether his mother requested her children to
divide her property as testified to by the plaintiff and their
father; and also of whether he promised to pay to the plaintiff a
sum sufficient to give him one-half of her estate.   The court did
not exclude this testimony from the consideration of the jury,
but told them to consider all the direct and circumstantial testi-
mony bearing upon the propositions submitted.   The admissi-
bility of this testimony was discussed by the counsel in the
presence of the jury.   Although in the minutes of the testimony
furnished, this court has not that discussion nor the rulings of
the County Court upon it, inasmuch as it was admitted, the
County Court must have ruled it was admissible for the very pur-
poses for which the defendant requested the court to charge it
might be used.   As the court did not withdraw it from the con-
sideration of the jury, there was no necessity in its charge for the
court to repeat its ruling and tell the jury again that they might
use it for the purpose for which alone it must have been admit-
ted.  It is not the legitimate purpose of requests to charge, but
rather an abuse of such purpose, to endeavor to get the court to
give special prominence to a particular piece or class of testi-
mony by calling the jury's attention especially to it.   It is a per-
version of the legitimate office of requests, an endeavor to get
the court to argue the case for the party making such requests.
As a general rule, there is less error in refusing than complying
with such requests.   There was no error in the refusal of the
court in this respect.

Judgment affirmed.