## CLARA ELLEN TUFTS v. TOWN OF CHESTER.

*Evidence; relevancy.    Pauper.    Implied contract.    Motion to set aside verdict.*

1. Whatever tends to render a claimed fact probable or improbable is relevant to show whether the fact exists or not.

2. The question being whether at a particular time the defendant's overseer promised to pay the plaintiff for her services, thereafter to be rendered, evidence that a year before the alleged contract the same overseer said that the plaintiff did well, and that he expected they should have to pay her, was admissible.

3. The remoteness of time at which the alleged declaration was made goes to its weight, not its relevancy. If any limit of time should be fixed, and the action of the trial court in fixing it could be revised here, this court has no doubt that the discretion of the court below, in this instance, was soundly exercised.

4. The testimony of one who was selectman of the defendant in 1888, that he never heard until 1887 that the plaintiff had such a claim, is inadmissible, it not appearing that he was selectman during any of the time while the services were being rendered, nor that the plaintiff was in need of the money which she claimed to recover until she demanded it.

5. An implied promise is raised against a town the same as against an individual.

6 Plaintiff claimed to recover of the defendant for services rendered in caring for her pauper mother in virtue of a contract made with the defendant's overseer. She testified that for a long time she had cared for her mother for nothing; that in 1882 she sent her father to the overseer with word that if she continued to do so she must be paid; that later the same year she had a conversation with the overseer, in the course of which he said that the town "was willing" to pay her. *Held*, that there was evidence of a contract sufficient to sustain the verdict.

7. *Quere*, whether the action of the County Court in refusing to set aside a verdict on the ground there was *no* evidence to support it, can be revised in Supreme Court.

General assumpsit. Plea, the general issue. Trial by jury at the May Term, 1889, VEAZEY, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The defendant excepted to the action of the court below in admitting some and excluding other testimony, the nature of which sufficiently appears in the opinion.

It further excepted to the action of the court in denying its motion to set aside the verdict.

The plaintiff claimed to recover for her services in caring for her infirm pauper mother from August, 1882, until April 25, 1887. The father and mother of the plaintiff were infirm and poor, and were assisted by the defendant town to a greater or less extent from 1871. During this time they kept house and, the plaintiff lived with them. For eleven years she received nothing and claimed nothing. She testified that in 1882 she sent her father to Mr. Adams, who was the overseer of the poor of the defendant, with word that if she staid longer with her parents she must be paid for it; that subsequently, in August of the same year, she saw and had a conversation with Mr. Adams about the same matter, in the course of which he promised to pay her a reasonable sum. It was upon this contract with the overseer that she claimed to recover. Adams denied that he ever employed the plaintiff or agreed to pay her anything. The defendant moved to set aside the verdict for that there was no evidence of any contract with the plaintiff.

The testimony of the plaintiff as to this conversation with Adams was as follows:

"Q.   What year was it that your father went up and carried this message?

"A.   1882; middle of August.

"Q.   Now, if in that same year you had any conversation with Adams in which you talked about the same matter?

"A.   Yes, sir.  I was coming up from the village and Mr. Adams overtook me, and he asked me to ride; and he was speaking about my having a hard time, and wanted to know how my mother got along.  I told him that I was having a hard time and I was getting discouraged.  And he said, you braid, don't you, and earn nearly $3.00 a week?  I told him I did, but I couldn't follow it by sitting up half the night.  And he says, you earn good wages, and the town is willing to pay you a reasonable sum.  He did not say he was; he said the town was."

*Geo. L. Fletcher* and *W. E. Johnson,* for the defendant.

The plaintiff must show an express promise. The right of action is given by statute, and no presumption arises against the town. *Mower* v. *Leicester*, 9 Mass. 250; *Chidson* v. *Canton*, 17 Conn. 475; *Reed* v. *Belfast*, 20 Me. 246; *Aldrich* v. *Londonderry*, 5 Vt. 441; *Worcester* v. *Ballard*, 38 Vt. 60; *Buck* v. *Worcester*, 48 Vt. 2.

There is no evidence tending to show that Adams promised the plaintiff that the town would pay her.

*C. B. Eddy* and *M. H. Goddard*, for the plaintiff.

The declarations of Adams were properly shown. He was the agent of the town and these declarations were within the scope of his agency. *Barney* v. *Clark*, 19 Pick. 220; *Morse* v. *Conn. River R. R.*, 72 Mass. (6 Gray) 450; *Gatt* v. *Dinsmore*, 111 Mass. 451; *Lane* v. *Boston' & Albany R. R.*, 112 Mass. 455; *McGenness* v. *Adriatic Mills*, 116 Mass. 177.

Moreover it is competent to show that a person intended to do a thing as rendering it more probable that he afterwards did it. *Hart* v. *Taylor*, 22 Vt. 556; *Commonwealth* v. *Blair*, 126 Mass. 40; *Commonwealth* v. *B. F. Burlington*, 136 Mass. 435; *Commonwealth* v. *Bradford*, 126 Mass. 42.

The law as to implied contracts is well established, and it applies to municipal corporations as well as individuals. *Worcester* v. *Ballard*, 38 Vt. 60; *Wolcott* v. *Wolcott*, 19 Vt. 37; *Sheldon* v. *Fairfax*, 21 Vt. 102.

There was some evidence of a contract. Its weight was entirely for the jury. *Bloss* v. *Kittridge*, 5 Vt. 28; *Stearns* v. *Howe*, 12 Vt. 577; *Cummings et al.* v. *Fullam*, 13 Vt. 459; *Mosseaux* v. *Brigham*, 19 Vt. 457; *Rutland & Burlington R. R. Co.* v. *Admr. of Wales*, 24 Vt. 299.

A motion to set aside a verdict is addressed to the discretion of the trial court. The action of that court cannot be revised here. *Wamist Power Co.* v. *Lowell & Andover R. R.*, 130 Mass. 455; *Commonwealth* v. *Mansur*, 134 Mass. 189; *Granstra* v. *Burgess*, 141 Mass. 7; *Houghton* v. *Slack*, 10 Vt. 520; *Chase* v. *Davis*, 7 Vt. 476; *Myers* v. *Brownell*, 2 Aiken, 407;

*Minkler* v. *Minkler*, 16 Vt. 193; *Wheatley* v. *Waldo*, 36 Vt., 237; *Sheldon* v. *Perkins*, 37 Vt. 550; *Newton* v. *Brown et al.*, 49 Vt. 16.

The opinion of the court was delivered by

ROWELL, J. Whatever tends to render a claimed fact probable or improbable is relevant to show whether the fact exists or not. Thus, the question being whether the plaintiff's intestate had a lien on defendant's horse for his keep, defendant was allowed to show that at the time of the claimed contract of lien the intestate was largely indebted to him, as tending to render the making of such contract less probable. *Randall* v. *Preston,* 52 Vt. 198.

The fact that children had promised to regard the expressed wishes of their mother in the division of her estate was held relevant as rendering it more probable that they did regard them and make the agreement claimed by plaintiff, which was in accordance therewith. *Reed* v. *Reed,* 56 Vt. 492.

There are many other cases in the State illustrative of this rule.

The question here was whether there was a contract between the plaintiff and the town whereby the town was to pay her for taking care of her mother, who was, and for a long time had been, a town charge. The testimony on the part of the plaintiff tended to show such a contract, made with Mr. Addison Adams, defendant's overseer of the poor. Mr. Adams denied it, and testified that he never made the contract with plaintiff that she claimed and on the strength of which she sought to recover. In this state of the case the plaintiff was allowed to show that the year before she claimed the contract was made, Mr. Adams told the witness, speaking about plaintiff's care of her mother, that plaintiff was a good girl and did well and that he expected they should have to pay her. This testimony was admitted as bearing upon the probability of Adams having made the contract claimed by plaintiff, and for this purpose it was admissible, for if he entertained that opinion of the matter then,

it was some evidence tending to show that he entertained the same opinion at the time plaintiff claimed the contract was made, and if he did, it would heighten the probability that he made the contract claimed.

The remoteness of time did not, as matter of law, make the testimony irrelevant. That went only to its weight. But how far back it was proper to go, if indeed any limit in time should be fixed to the admission of relevant testimony, was for the court to determine in its discretion in view of the circumstances of the case. Some courts treat this as a question of fact, as to which no question of law can be raised, *Darling* v. *Westmoreland*, 52 N. H. 401; 13 Am. Rep. 55; while others hold that whether the court exercised its discretion soundly or not may be inquired into on exceptions. Steph. Dig. Ev. c. 2, art. 2, note. If this be so, we have no doubt but the discretion was soundly exercised in this case. *Cf. Noyes* v. *Fitzgerald*, 55 Vt. 49.

Mr. Ira H. Adams was one of defendant's selectmen in 1888, and had been one for ten or twelve years, but not in succession. Defendant offered to show by him that he never heard till 1887 that plaintiff made claim against the town. It does not appear that the witness was selectman at any time before 1888 when plaintiff was taking care of her mother, and there is nothing to show that he was so circumstanced as to be likely to have heard of it had claim been made.

Nor could any unfavorable inference be drawn against the plaintiff, in the circumstances, for not making the claim; for although it is competent, when one pretends to have a just debt against a responsible party long overdue with payment unasked, to show that during the time the claimant was in such stress of pecuniary circumstances that he could ill afford to forego payment of his demand if he had one, yet it is not enough to show merely that he was poor, for from this alone arises no unfavorable inference against him, but you must go further, and show that he needed the money to use. *Stone* v. *Tupper*, 58 Vt. 409. Nothing of the kind appears here. Hence this testimony was properly excluded for this reason.

Tufts *v.* Town of Chester.

Defendant moved to set aside the verdict because, among other reasons, there was no evidence to support it. An implied promise is raised against a town the same as against an individual. There need be no *special* request in order to raise it. The request may be *implied* from the circumstances. This is the effect of what is said in *Worcester* v. *Ballard*, 38 Vt. 60.

It is claimed on the strength of *Newton* v. *Brown*, 49 Vt. 16, that a motion to set aside a verdict for want of· *any* evidence to support it is addressed to the discretion of the County Court, and that its action thereon is not revisable on exceptions. But in this case we thought best to look into the evidence, and finding ample to support the verdict, we have no occasion to go further.

*Judgment affirmed.*