ADDIE COVEY *v.* MARSHALL ROGERS.

November Term, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 8, 1912.

*Assumpsit—Services Between Persons in Family Relation—Requi-*
      *sites for Recovery—Directed Verdict—Tendency of Evidence—*
      *Trial—Instructions—Duty of Court to Procure Agreement—*
      *Frivolous Exception.*

In an action of assumpsit by a sister against her brother to recover for
     her work in keeping his house for more than six years, evidence con-
     sidered, and *held* that it did not authorize a directed verdict against
     her on the ground that she had explicit notice from him that, if she
     remained she should receive no wages, but rather warranted the finding
     of a mutual understanding that she was to be paid, especially in view
     of his letting her have money from time to time, which could be found
     to have been payments and not gratuities.
To entitle a sister to recover from her brother for work in keeping his house
     for more than six years after the death of their father, she need not show
     that she was working under an express agreement for pay, for it is
     sufficient to show facts and circumstances warranting the inference
     of a mutual expectation that she was to be paid for her services.
An exception to the court's giving additional instructions without request,
     when the jury returned disagreed, is frivolous.
It is the duty of the court to do what it properly can to procure an agree-
     ment of the jury, and an instruction, given when the jury returned
     a second time disagreed, that neither party could well afford the expense
     of another trial, and, unless it was necessary, they should not be sub-
     jected to it, was a proper exercise of the court's discretion, and could
     not reasonably have been understood to mean that the jury ought
     to agree, regardless of whether the verdict was right or wrong, as they
     had been repeatedly told to adhere to the evidence.

GENERAL ASSUMPSIT.  Plea, the general issue.  Trial by
jury at the March Term, 1911, Chittenden County, *Butler*
J., presiding.  Verdict and judgment for the plaintiff.  The
defendant excepted.  The opinion states the case.  This case
has been once before in the Supreme Court; see 84 Vt. 151.

*Rufus E. Brown* and *V. A. Bullard* for the defendant.

*C. S. Palmer* for the plaintiff.

ROWELL, C. J.   This is assumpsit by a sister against her brother to recover for work and labor done and performed by her in keeping his house for about six years and a half. The defendant moved for a verdict, (1) because the only legitimate tendency of the plaintiff's evidence was, that during the time aforesaid she was living with the defendant under an express understanding that she was to do so without compensation other than what she received; (2) because there was no evidence tending to show that in what she did for the defendant she was at work under an express agreement for pay, nor to show such a state of facts and circumstances as to establish that at the time of the services both parties expected and understood that she was to be paid therefor; and (3) because the evidence did not tend to show such a state of facts and circumstances as would warrant the jury in finding an implied contract on the part of the defendant to pay her for her services.

The motion was overruled, and the defendant now claims that it should have been granted because the plaintiff's testimony does not tend to show an express contract to pay, nor such a state of facts and circumstances as fairly establish a mutual understanding between the parties that the services were to be paid for, but that her testimony quoted in the brief clearly shows the contrary, and that she had explicit notice from the defendant that if she remained with him she would receive no wages, and that with such notice and understanding no contract to pay could be implied from the facts and circumstances disclosed.   Her testimony thus quoted is this, in substance: that about two months after their father died, the defendant said he thought he could not afford to pay her for staying there; that she told him she could not afford to stay for nothing, that she must have some wages; that he said if he had got to pay her he should have to sell the farm; that she told him he might sell it if he was a mind to or give it away, she did not care, but that she must have some pay; that about a year after that they had another talk, and he gave her a little money and she asked him—she

was going to Burlington—and he gave her ten dollars to go into a coat she was going to buy, and said he was a little short and that would have to do then, and perhaps later he could spare more than that.    On cross-examination she said that every time there was any talk between them about her being hired there for regular wages he said practically the same  thing, that he could not afford to pay wages.

But it cannot be said that this testimony shows, as claimed, that the plaintiff had explicit notice from the defendant that if she remained with him she would receive no wages, and it would have been error to rule the case against her on that ground.

It is not necessary that it should appear that she was at work under an express agreement for pay, but if the evidence tended to show a state of facts and circumstances from which the jury could properly find a mutual expectation  that  she was to be paid it is enough; and when the case was here before— 84 Vt. 151, 78 Atl. 792—it was held that the evidence did tend to show that, and we think it tends to show that now, especially in view of the defendant's testimony quoted in the plaintiff's brief, not in the case before, relative to letting the plaintiff  have divers sums of money from time to time, which he said he did because of the work she was doing and the services she was rendering to him, and concerning which the court left it to the jury to say, and rightly we think, whether they were payments, as the plaintiff claimed, or gratuities, as the defendant claimed.

The defendant excepted to what is called the first charge, because, he said, the court used the expression that his testimony tended to show that he did not expect to pay the plaintiff anything for her services, whereas, he claimed, it tended to show that she was to receive no more than she did receive from the sale of small things from the farm—that those things were to go to pay her for her services.   But the plaintiff says the court did not say that; we do not find that it said that; and the defendant does not point out where it said it.   The same is true of the other exception to that  part of the charge, namely, because the court said that the plaintiff's evidence tended to show that the defendant ought to have known that he was expected to pay.

The jury came in disagreed and  were returned, and came

in again disagreed, and on being inquired of, said it had no questions to ask about the law, whereupon the court, without being requested by anyone, proceeded to charge it further, and said, among other things, that if the defendant permitted the plaintiff to work there and render valuable services, expecting that she was going to get some pay for it, knowing as she had said, that she would not stay there—could not afford to, without pay, and knowing that she expected pay, and permitted her to render those services knowing she expected pay, then it might presume from those circumstances and the other circumstances that he expected to pay her, that is, expected to pay her something; and therefore that it must examine all the testimony on both sides and say from all the circumstances whether there was a mutual expectation that he was to pay her for her services. The defendant excepted to this part of the charge, and now claims that it was wholly unwarranted by the evidence and absolutely inconsistent with that given to the jury before it was returned the first time; that upon the evidence and under the circumstance disclosed, the fact that the plaintiff continued to live with the defendant afforded no presumption against him, but on the contrary he had a right to assume that if she remained she did so on the terms and conditions under which he had told her she might remain; and that this evidence not only does not tend to show any understanding, nor afford any basis for any presumption of a mutual understanding, that she should receive pay, but on the contrary that its only legitimate tendency is to show an express understanding that she was to remain without pay.

But we think that this part of the charge was correct, and that the circumstances stated were supported by the evidence and therefore that the jury might well infer and find a mutual expectation of reasonable compensation.

The exception to what the court charged about the payments made from time to time, and the submission of the question whether they were payments under any agreement, etc., is disposed of by what we said about those payments in disposing of the motion. The exception to the court's giving additional instructions to the jury without being asked is frivolous.

At the close of the charge the court urged upon the jury

the importance of agreeing, and said, among other things, that neither party could afford the expense of another trial very well, and unless it was necessary, they should not be subjected to it. On exception being taken to this, the court at once told the jury not to consider it at all as of any importance in their further deliberations. It is now claimed that this language could have had no other effect than to give the jury to understand that it ought to arrive at some kind of a verdict right or wrong, and that the court's retraction did not cure the error.

But it is the duty of the trial court to do what it properly can to procure an agreement, and in the performance of that duty it should be allowed a liberal discretion, but which, of course, must be exercised according to law, as all judicial discretion must be; and this the defendant does not deny, but says that the court abused its discretion in going the length it did. But we do not think so, but that it was well within its discretion to call the attention of the jury to the matter of expense as one reason for agreeing, but not whether right or wrong, which it could not reasonably have understood, for the court had repeatedly told them to adhere to the testimony.

*Judgment affirmed.*