FRANCES J. GILFILLAN *v.* WILLIAM J. GILFILLAN'S ESTATE.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 4, 1916.

*Opening Statement of Counsel—Curing Error—Evidence—*
*Relevancy—Remarks by Court—Curing Error—Harmless*
*Error—Answer of Witness Curing Error of Question—Ad-*
*missions by Agent—Letters—Declarations In—Rulings in*
*Matters of Discretion—Presumptions—Transactions with*
*Decedent—Rebutting Testimony—P. S. 1590 as Amended*
*by No. 64, Acts 1908—Objections Below—Scope of—Excep-*
*tions not Specific—Instructions—Cure of Error—New Trial*
*—Grounds—Newly Discovered Evidence—Sufficiency.*

Any error in a remark of plaintiff's counsel in his opening statement
    was cured where, on objection, the statement was withdrawn, and
    thereupon the court told the jury that opening statements were
    not evidence and should not be considered in determining the
    issues.

In assumpsit against a decedent's estate for his care and support,
    where defendant attempted to show that designated stock had
    been received by plaintiff from decedent in satisfaction of this in-
    debtedness, plaintiff was properly allowed to show that decedent
    was a man of large means and had delivered the stock to her as a
    gift, when making a distribution of his securities among his rela-
    tives, because plaintiff was not confined to showing the bare fact
    that the stock was a gift, but was entitled to show corroborating
    circumstances as affecting the probability of her claim.

Error does not appear where a witness was asked how much money
    decedent had after a designated distribution of his property, and
    the court sustained defendant's objection to the question, remark-
    ing, "We shall assume that he had enough to pay his bills, unless
    something appears to the contrary," and to this remark defendant
    was allowed an exception, whereupon the court said, "I will amend
    it by saying that we won't assume that he didn't have enough
    money to pay his bills unless there is evidence to that effect,"
    which defendant admitted was a proper assumption.

An exception will not be considered on review where neither the bill of exceptions, nor the transcript, which is made controlling, shows that it was even requested.

The error in allowing a witness to be asked, "And when you had this talk, what were you referring to, and what was he referring to, as to fixing up?" was cured by the answer, "I was referring to his board," for while the witness could not testify, as a fact, to decedent's understanding of the conversation, which the question permitted him to do, witness could testify as to what he referred to.

Where the court found that witness was decedent's agent in the distribution of certain of decedent's corporate stock, and defendant admitted that witness had authority to take the stock and deliver it and take a writing showing the terms of delivery, a letter written by witness to plaintiff, stating that the stock enclosed was a gift, was admissible as bearing on the understanding with which plaintiff accepted the stock, defendant claiming that the stock was in payment for decedent's board and care; and the statement in the letter that the stock was sent as a gift was also evidence in chief if found to have been made as a part of a transaction within the scope of the agent's authority.

It will be presumed on review, the contrary not appearing, that a leading question was permitted as matter of discretion.

Under P. S. 1590, as amended by No. 64, Acts 1908, providing that, with designated exceptions, when an executor or an administrator is a party the other party shall not be permitted to testify in his own favor unless the contract in issue was originally made with a person living and competent to testify, in an action against a decedent's estate, where defendant's witness testified as to an admission by plaintiff, the latter in testifying in rebuttal was not confined to a mere denial of the claimed admission, but was competent to testify to such affirmative facts as had a tendency to make the claimed admission less probable.

Evidence of any fact or circumstance that tends to make a claimed fact more or less probable is relevant and admissible.

Where the question of the competency of a witness was not raised below it will not be considered on review.

An objection to the admission of testimony goes to the evidence and not to the competency of the witness.

In assumpsit against a decedent's estate for his care and support, where there is direct testimony of two witnesses that decedent

acknowledged liability and other evidence having a like tendency, that question is for the jury.

An exception to an instruction that plaintiff's evidence has a designated tendency will not be considered on review, where the exceptor does not specify the evidence on the indicated subject, as this Court will not search the transcript for error.

Where the court, after an exception to an instruction, gave a supplemental charge on the same subject to which no exception was taken, any defect was cured.

An exception to the charge as a whole on the ground that "the court has failed to charge fully on all the material facts in the case" is too general to reserve any question.

A petition for a new trial on the ground of newly discovered evidence will be denied where the conversation relied on does not support the allegations of the petition, and was casual and remote in point of time and of such doubtful import that it is not reasonably probable that it would change the result.


ASSUMPSIT. Plea, the general issue. Trial by jury at the June Term, 1914, Caledonia County, *Butler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. While the case was pending in this Court, defendant preferred thereto a petition for a new trial on the ground of newly discovered evidence, which was served and filed and heard with defendant's exceptions.

*Dunnett & Leslie* for the defendant.

*Porter, Witters & Harvey* for the plaintiff.

TAYLOR, J. This is an appeal from the disallowance of commissioners on the estate of William J. Gilfillan. Plaintiff is the widow of intestate's brother and during the time in question lived with her son Walter Gilfillan on premises formerly owned by her deceased husband. For several years before his death intestate lived with plaintiff and her son. Plaintiff seeks to recover for intestate's board and care while living with her. Intestate did some work around the place while living there, the amount and value of which was in dispute. Defendant claimed that intestate had given the plaintiff money and that the board and care were furnished in consideration thereof. He also

claimed that the liability for board, if any, was to the son, Walter and not to the plaintiff.

In his opening statement to the jury plaintiff's counsel, referring to defendant's intestate, stated that Mr. Gilfillan was a man of large means. On an objection being interposed, the statement was withdrawn and the court told the jury that opening statements were not evidence in the case and should not be considered in determining the issues. Defendant asked for an exception to the statement, to which the court said: "If they are entitled to an exception under that ruling, they may have their exception. We do not think they are." The court did not direct that an exception be noted, and properly, for defendant was not entitled to it. See *Fadden* v. *McKinney et al.*, 87 Vt. 316, 326, 89 Atl. 351. If the statement was unwarranted and the withdrawal and court's caution did not cure the harm, (which we find no occasion to question), it was rendered harmless by the subsequent events of the trial.

Sixteen exceptions relate in one way or another to the same subject-matter and in general can be considered together. Defendant showed by Walter Gilfillan on cross-examination but as part of his case that intestate let plaintiff have $1,000 in stocks at the time he gave away some of his property a short time before his death. The evidence to which these exceptions relate was received to meet defendant's claim that this stock was transferred on account of board against the objection that it was immaterial. Plaintiff was permitted to show by Walter Gilfillan that at the same time intestate gave witness some stocks and the kind and amount; that he also gave some to his other relatives; that John T. Ritchie did the business for intestate and "sent the money around." She was also permitted to show by Mr. Ritchie that in the fall of 1912 intestate sent for him to assist in making a division of his property; that intestate told witness what he wanted him to do with reference to dividing his property among his relatives, mentioning among others a gift of ten shares of certain stock to the plaintiff; that intestate said it was a gift, that he wanted to treat plaintiff the same as he did his sisters; that intestate wanted to make a distribution of his securities among his relatives, reserving the income during his lifetime; that intestate left it with witness to deliver the stock certificates and arrange for retaining the income while he lived. Witness

was permitted to state the total amount thus distributed and the names of the various relatives and the amount given to each.

The burden of defendant's complaint as to many of these exceptions is that the evidence to which they relate disclosed to the jury the fact that intestate was a man of large means. He does not discuss these exceptions separately but says of them that the evidence had no legitimate bearing on the question whether intestate was owing plaintiff a board bill at the time of his death. His argument loses sight of the fact that he had opened the door for this kind of evidence by attempting to show that the stock received by plaintiff was in satisfaction of this indebtedness. To meet this issue plaintiff was not confined to showing the bare fact that the stock was delivered to her as a gift but was entitled to show the corroborating circumstances. All this evidence affected the probability of the plaintiff's claim and was properly received. See *Comstock's Admr.* v. *Jacobs*, 86 Vt. 182, 84 Atl. 568, and numerous cases cited later on the question of relevancy.

The eighth exception is without merit. After Mr. Ritchie had testified to the distribution of certain of intestate's property, counsel asked how much he then had left. The court sustained defendant's objection, remarking, "We will assume that he had enough left to pay his bills, unless something appears to the contrary." To this remark counsel for defendant asked and were allowed an exception. Thereupon, the court said: "I will amend it by saying that we won't assume that he didn't have money enough to pay his bills, unless there is evidence to that effect." To this defendant's counsel replied, "I think that is a proper assumption."

We have no occasion to consider the point argued by defendant as his ninth exception, as neither the bill of exceptions nor the transcript, which is made controlling, showing that an exception was even asked for.

Mr. Ritchie testified that he knew at the time of his interview with intestate that he had been boarding at the Gilfillans' for quite a number of years, and that he had some talk with intestate as to whether he should make a settlement with plaintiff for the board, in reply to which intestate said he would fix that up himself sometime. Witness was then asked: "And when you had this talk, what was you referring to and what was he referring to, as to fixing up?" Defendant objected that it was for

the jury to say when witness had stated what was said. The objection was overruled and witness replied: "I was referring to 'his board." Defendant's argument is based upon the question and would have much force, if the answer were as broad. Witness could not testify, as a fact, to intestate's understanding of the conversation. *McCarthy's Admr.* v. *Village of Northfield,* 89 Vt. 99. The question permitted him to do this. But witness could properly testify as to what he referred to and that was all that he did. The answer cured the error in the ruling and leaves the defendant no ground of complaint. See *Fife and Child* v. *Cate et al.,* 85 Vt. 418, 430, 82 Atl. 741; *Linsley* v. *Lovely,* 26 Vt. 123, 136.

Mr. Ritchie testified that intestate told him to distribute the stock certificates to the different relatives in accordance with their talk and to tell them it was a gift from him; that he took the certificates to St. Johnsbury and mailed to each his shares accompanied by a letter explaining the matter; that he enclosed an agreement to be signed and returned relating to dividends during intestate's lifetime; that on the return of the signed agreements he forwarded same to intestate with a letter explaining what he had done. The court found that in doing this witness was acting as intestate's agent. Subsequently plaintiff offered a copy of the letter that was sent to her accompanying the stock in question which was received against the objection that it did not appear that Mr. Ritchie was authorized to write it—"no testimony that he was authorized to do anything except to distribute the stock"—and that any letter that he wrote was not binding upon defendant. Defendant's counsel admitted that Mr. Ritchie had the authority to take the property and deliver it and take a writing showing the terms of the delivery but insist here that any "soliloquy" that he wrote on the subject in the course of doing the business was not admissible. The only thing in the letter that is complained of is the statement, "This is a gift from William J. Gilfillan to you." Defendant's argument is that a witness cannot be corroborated by statements made in writing even though he testifies that he was authorized to make them. He treats the use of the letter as of the same character as the use by a party of self-serving declarations. Though the letter would tend to corroborate Mr. Ritchie's testimony, that was not the purpose for which it was received. For the purpose

for which it was offered, it stands as though Mr. Ritchie had not testified that the stock was delivered as a gift.

Was the declaration contained in the letter evidence in chief? It was conceded that the writer had authority to deliver the stock and on the uncontradicted evidence he was to inform the beneficiaries including the plaintiff that it was a gift with certain conditions. The court found the fact that in what he did he was acting as intestate's agent. Though Mr. Ritchie testified that nothing was said about doing this by letter, there was sufficient evidence tending to show that he was acting within the scope of his authority in doing what he did at least to make it a question for the jury, and ,the trial court so regarded it. His declaration that the stock was sent as a gift from intestate was therefore evidence against his principal, if found to have been made as part of a transaction within the scope of his authority. *Deming* v. *Chase,* 48 Vt. 382, 389. Besides, it was on the strength of what the letter contained that plaintiff received the stock; and she was entitled to show its contents as bearing upon the understanding with which she accepted it.

The twentieth exception relates to the form of a certain question which was objected to as leading, and received without an express ruling. If the question was leading, which we do not consider, it was within the court's discretion to receive it; and nothing further appearing it will be presumed to have been permitted as a matter of discretion. *Slack* v. *Bragg,* 83 Vt. 404.

Defendant called one Dan Morgan who testified that he worked for Walter Gilfillan in the fall of 1906 and boarded at his house; that while there he had a talk with the plaintiff respecting intestate and the way he happened to come there to board; that plaintiff said she got some money of him one time and he was there boarding it out. In rebuttal plaintiff was called as a witness in her own behalf and denied having any such talk with Morgan. She was further permitted to testify that she had had money in the Citizens Saving Bank in St. Johnsbury ever since her husband's death in amounts varying from $500 to $1,500. Three of defendant's exceptions relate to this testimony and, he claims, raise the question of plaintiff's competency as a witness. Plaintiff argues the question as though properly raised and we so treat it.

P. S. 1590, as amended by No. 64, Acts of 1908 provides: "When an executor or administrator is a party the other party

shall not be permitted to testify in his own favor unless the contract in issue was originally made with a person who is living and competent to testify, except as to acts and contracts done or made since the probate of the will or the appointment of the administrator, and to meet or explain the testimony of living witnesses produced against him.'' Applied to this case the statute makes the plaintiff incompetent as a witness in her own favor unless the testimony objected to tends to meet that of witness Morgan. The effect of Morgan's testimony was an admission by plaintiff that she had borrowed money of intestate which he was boarding out. The amendment of 1908 has broadened the scope of the latter exception to the disqualifying statute. Before the amendment this exception left the surviving party competent to testify only to facts and circumstances taking place after the death of the other party. P. S. 1590. The amendment removes this limitation, leaving the party competent to testify to any fact or circumstance that tends to meet or explain the testimony of a living witness produced against him.

It follows that plaintiff was not confined to a mere denial of the claimed admission testified to by Morgan, but was competent to testify to such affirmative facts as had a tendency to meet and destroy the effect of his testimony. It is a familiar rule of evidence that any fact or circumstance that tends to render a claimed fact more or less probable is relevant to show whether the fact exists or not. *Tufts* v. *Chester,* 62 Vt. 353, 19 Atl. 988. An early case on this subject was *Richardson* v. *Royalton & Woodstock Turnpike Co.,* 6 Vt. 496, in which the rule is stated thus: ''All facts upon which any reasonable presumption or inference can be founded as to the truth or falsity of the issue are admissible.'' Illustrations of the application of this rule will be found in *Kimball* v. *Locke,* 31 Vt. 683; *Frost* v. *Frost's Admr.,* 33 Vt. 639; *Strong* v. *Slicer,* 35 Vt. 40; *Randall Admr.* v. *Preston,* 52 Vt. 198; *Armstrong* v. *Noble,* 55 Vt. 428; *Reed* v. *Reed,* 56 Vt. 492; *Aiken* v. *Kenniston,* 58 Vt. 665, 5 Atl. 757; *Tufts* v. *Chester,* 62 Vt. 353, 19 Atl. 988; *Tenney* v. *Smith,* 63 Vt. 520, 22 Atl. 659; *State* v. *Burpee,* 65 Vt. 1, 25 Atl. 964, 19 L. R. A. 145, 36 Am. St. Rep. 775; *In re Pierce's Est.,* 68 Vt. 639, 35 Atl. 546; *Blaisdell* v. *Davis,* 72 Vt. 295, 48 Atl. 14; *Comstock's Admr.* v. *Jacobs,* 86 Vt. 182, 84 Atl. 568.

Many of these cases sustain the admission of evidence of a party's pecuniary condition and are much in point. The ques-

tion turns on the relevancy of the challenged evidence to the issue of fact raised by Morgan's testimony, to meet which the statute leaves the plaintiff fully competent to testify. See *Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 140, 94 Atl. 497. On the authority of our cases there can be no doubt as to its relevancy; and so the court did not err in overruling the objection on the ground of competency.

Defendant called Alexander Warden, a merchant at West Barnet, who testified that Walter Gilfillan had made the purchases and done the business connected with the Gilfillan "establishment" most of the time since the death of Walter's father; that he had bought flour at the store and had brought eggs there and got what he wanted, receiving the balance in money; that Walter took his "stuff" to the creamery, of which witness was manager, and had the checks drawn in his name. Afterwards plaintiff was recalled and permitted to testify, against the objection that it was not rebuttal, that instead of going to the store herself she would send things down by Walter; that the arrangement was that she was to have the pay for the butter and eggs; and that whatever was "over" after disposing of the eggs Walter generally brought back and gave to her. The only claim made here under this exception relates to plaintiff's competency as a witness—a question not raised below. The objection there relied upon being waived, we do not consider it. Nor is plaintiff's competency as a witness to these facts raised by the objection, which was to the evidence and not to plaintiff as a witness. *French* v. *Slack et ux.,* 89 Vt. 514, 96 Atl. 6; *St. Albans Granite Co.* v. *Elwell & Co.,* 88 Vt. 479, 92 Atl. 974.

At the close of the evidence defendant moved for a directed verdict on the ground that there was no evidence tending to show any obligation upon intestate to pay plaintiff for the board; that if there was any such obligation it was to the son Walter. The motion was overruled and defendant excepted. Viewed in the light most favorable there was ample evidence tending to support plaintiff's claim. Besides various circumstances, which it is unprofitable to detail, tending to make out an implied contract, there is the direct testimony of Walter Gilfillan and Mr. Ritchie to the effect that intestate acknowledged liability. Defendant's claim that Walter's testimony was conflicting and made weight in support of the claim that the liability, if any, was to him, is of no force on this motion where the view of his testimony most

favorable to the plaintiff must be considered.   It was not error to overrule the motion.

Defendant excepted "to the charge of the court because the court stated that the plaintiff's evidence tends to show that the son boarded there."   If we treat the exception, as it was apparently intended, as an exception to that part of the charge wherein the subject-matter of the exception was referred to, still it is without foundation.   Our attention is not directed to the testimony on that subject, which is a sufficient answer, as we do not search the transcript for error.   But the testimony of Walter that his mother run the house and he boarded with her fully supports the charge.

Defendant argues as a further exception to the charge the failure of the court to charge that if the reason why defendant's intestate made the gift to plaintiff was because he had been boarding with her upon an understanding that she was to be compensated by a gift at the distribution of the estate and such gift was accepted by the plaintiff, that it would operate in satisfaction of any claim which she had for board.   But he has no exception raising the question.   At the close of the principal charge defendant's counsel said: "Now, unless the court now charges the jury on the subject of the effect of boarding with the conditions stated by Mr. Morgan, we except to the charge of the court for the failure to charge" as stated above. This was followed by an additional charge on that subject-matter, to which defendant did not except.   The supplemental charge was a substantial compliance with defendant's suggestion.   If the defendant was not satisfied with the way the matter was left, he should have followed it up with appropriate exceptions.   See *White's Admrx.* v. *C. V. Ry. Co.*, 87 Vt. 330, 352, 89 Atl. 618.

The final exception was to the charge as a whole on the ground that "the court has failed to charge fully on all the material facts in the case."   Such an exception is too general to be of any avail.   *Carleton* v. *E. & T. Fairbanks Co.*, 88 Vt. 537, 93 Atl. 462.

We have considered all of defendant's exceptions and find no error in the trial.

*Judgment affirmed, to be certified to the probate court.*

PETITION FOR NEW TRIAL.

While the original cause was pending in this Court the defendant preferred a petition for a new trial which was served and filed agreeably to rule 3 and the same was heard with defendant's exceptions. The ground of the petition is newly discovered evidence, as to which petitioner alleges in substance that on a new trial he will be able to show by one William Morrison that he (Morrison) had a conversation with the plaintiff after a large portion of the account sued for had accrued in which plaintiff said that intestate had paid her promptly for his board and that he did not owe her anything. In his affidavit attached to the petition said Morrison deposes that he has known plaintiff nearly all her life; that on an occasion about six years before, affiant had a talk with plaintiff about her relations with William J. Gilfillan, who was living at her house; that "the conversation led on that she was terribly confined and couldn't get out much"; that affiant said he was glad to see her; that plaintiff then said she was somewhat confined on account of John, but that John was a good boarder; that by "John" she referred to William John Gilfillan; that plaintiff said he never found fault, but she couldn't get away to stay as long as she wished; that affiant said, "John wouldn't make any trouble for anybody, * * * there is one thing about it, John is always good pay"; that plaintiff said, "Yes, he always pays me well, but he is careful about what he agrees to pay."

It will be noticed that the whole force of the newly discovered evidence is contained in plaintiff's assent to the remark, "John is always good pay," and her reply, "He always pays me well." This comes far short of supporting the allegations of the petition. Aside from that, the conversation was casual and remote in point of time and of such doubtful import that it is not reasonably probable that it would change the result. A new trial is not granted for newly discovered evidence which is not sufficiently decisive to make it reasonably probable that it would change the result. *Willard* v. *Norcross,* 86 Vt. 426, 444, 85 Atl. 904; *Lawson* v. *Crane et al.,* 83 Vt. 115, 74 Atl. 641. This case is much like *Usher* v. *Allen,* 89 Vt. 545, 95 Atl. 809, where the reason for this rule is fully stated.

It is open to doubt whether there is sufficient allegation of diligence to satisfy the rule. The petition is not supported by

affidavits of all the attorneys representing the defendant, nor did the defendant take the testimony upon which he relies upon notice.   (See *Willard* v. *Norcross, supra; Picknell* v. *Fulton,* 89 Vt. 51, 55, 94 Atl. 104); but no objection having been made because of these matters, we have thought best to consider the merits of the petition.

*Petition dismissed with costs.*